**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED MINE WORKERS OF AMER-ICA, and District 30, United Mine Workers of America, Respondents.**

No. 14226.

United States Court of Appeals Sixth Circuit.

April 18, 1968.

Gregory L. Hellrung, National Labor Relations Board, Washington, D. C., for petitioner, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul Elkind, Atty., National Labor Relations Board, Washington, D. C., on the brief.

M. E. Boiarsky, Charleston, W. Va., for respondents, Edward L. Carey, Harrison Combs, Willard P. Owens, Washington, D. C., H. B. Noble, Hazard, Ky., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

The National Labor Relations Board filed a petition to adjudge in civil contempt United Mine Workers of America, District 30 United Mine Workers of America and their agents, C. E. Beane, Joseph Castle, Joseph Davis, Noble Hobbs, Walter Akers and J. D. Newberry, in that said respondents failed and refused to comply with the decree of this Court of May 20, 1960. Said decree directed that respondents and their officers, agents, successors and assigns, not:

"* * * Restrain and coerce employees * * * of any * * * employer engaged in coal mining operations or in processing, transporting and/or distributing coal within the geographical limits of the territorial jurisdiction of District 30, United Mine Workers of America * * * in the exercise of their rights guaranteed by Section 7 of the [National Labor Relations] Act, by engaging in and/or participating in conduct more fully described * * * as:

"* * * Exerting force or committing acts of force and violence against said employees, injuring the person or damaging the property of said employees by following them in superior numbers, using or threatening to use force or violence against said employees, assaulting employees, attemping to assault employees, threatening them with reprisals, barring their ingress to and egress from their places of employment, preventing them physically from working or in any other manner restraining or coercing them in the exercise of said rights. * * *"

Respondents filed answers denying that they have disobeyed the decree.

After hearing oral arguments on the petition and answers, this Court entered an order of reference on January 3, 1967, appointing the Honorable Charles G. Neese, United States District Judge for the Eastern District of Tennessee, as Special Master to hear evidence and report to the Court whether respondents were in civil contempt for violating, disobeying and failing and refusing to comply with the Court's decree.

The Special Master filed a comprehensive report under date of December 5, 1967, containing detailed findings of fact to the effect that: The United Mine Workers of America and District 30 comprise the same legal entity; that the named individual respondents were agents of the United Mine Workers of America; that Castle, Davis, Hobbs, Akers and Newberry committed various acts of misconduct which manifestly violated this Court's decree of May 20, 1960, and instigated such unlawful conduct on the part of other persons; that Beane, Castle, Davis and Hobbs had actual notice of this Court's 1960 decree and were personally bound thereby; that Akers and Newberry had constructive notice of the 1960 decree, but were not personally bound thereby; that Castle, Davis and Hobbs are liable in civil contempt for their own unlawful activities as well as for the acts of those persons whom they induced to act unlawfully; that Beane was officially responsible for the contumacious conduct of Castle, Davis, Hobbs, Akers and Newberry, and as such is guilty of disobedience and in contempt of this Court's decree; and that the United Mine Workers of America was responsible for the contumacious acts of Beane, Castle, Davis and Hobbs, as well as those of Akers and Newberry, and

should be adjudged in civil contempt therefor. The Special Master recommended that said respondents, except Akers and Newberry, and each of them be adjudged in civil contempt of the decree of this Court and that they be required to purge themselves thereof.

Under date of December 21, 1967, the Board filed proposed corrections to certain details in the report of the Special Master not involving any material finding of fact. Under date of December 26, 1967, respondents filed objections to the report. Briefs have been filed by the Board in support of the report and by respondents in opposition thereto.

Upon consideration of the briefs and objections of the parties and the entire record, we conclude that the findings of fact contained in the report of the Special Master should be modified and corrected in the particulars set forth in the proposed corrections filed by the Board under date of December 21, 1967, and that said findings of fact, as modified and corrected, should be approved and confirmed in all respects. We hold that said findings of fact are supported by substantial evidence on the record considered as a whole. It is to be emphasized that this case does not involve permissible peaceful picketing, but to the contrary impermissible violent mass picketing, coercion of employees, unlawful acts, injuries to persons and damage to property, which were prohibited by the order of the Board enforced by the decree of this Court.

The following order will be entered:

The National Labor Relations Board having filed a petition to adjudge in civil contempt United Mine Workers of America, District 30 United Mine Workers of America and their agents C. E. Beane, Joseph Davis, Noble Hobbs, Walter Akers and J. D. Newberry in that said respondents failed and refused to comply with the decree of May 20, 1960; and respondents having filed their answers denying that they have disobeyed the decree; and United States District Judge Charles G. Neese having as Special Master rendered a report recommending that said respondents, except said Walter Akers and J. D. Newberry, and each of them be adjudged in civil contempt of the decree and that they be required to purge themselves thereof;

It is upon all the proceedings heretofore had herein ordered that the findings of fact set forth in the report of the Special Master dated and filed December 5, 1967, be modified and corrected in the particulars set forth in the proposed corrections filed by the Board under date of December 21, 1967, and that said findings of fact, as modified and corrected, be and the same hereby are approved and confirmed in all respects.

It is further ordered that United Mine Workers of America, District 30, United Mine Workers of America, C. E. Beane, Joseph Castle, Joseph Davis and Noble Hobbs are hereby adjudged in civil contempt of the Court's above-mentioned decree.

It is further ordered that respondents, their officers, representatives, agents, successors and assigns shall forthwith purge themselves of such contempt by:

1. Ceasing and desisting from:

(a) Restraining and coercing employees of Terry Elkhorn Mining Co., Inc., Mahan Coal Co., and Harry Wright Construction Company, Inc., or of any other employers engaged in coal mining operations or in processing, transporting or distributing coal within the geographical limits of the territorial jurisdiction of District 30, United Mine Workers of America, to wit— all of the Commonwealth of Kentucky east of a line drawn directly north and south from Louisville, Kentucky, excepting the counties of Pulaski, Wayne, McCreary, Whitley, Laurel, Knox, Bell, Marian, Clay, Owsley, Jackson, Harlan and Rockcastle and certain parts of Leslie County and Pike County—in the exercise of their rights guaranteed them by Section 7 of the National Labor Relations Act; by exerting force or committing acts of force or violence against said employees; injuring the

person of said employees; damaging the property of said employees; threatening said employees by following them in superior numbers; using or threatening to use force or violence against said employees; assaulting or attempting to assault said employees; threatening said employees with reprisals; barring said employees' ingress to and egress from their places of employment; preventing said employees physically from working; in any other manner restraining or coercing said employees in the exercise of said rights; and

(b) Violating in any other manner this Court's decree of May 20, 1960; provided, however, that this order shall not be construed as prohibiting lawful and peaceful picketing.

2. Taking the following affirmative action in purgation:

(a) Immediately post in conspicuous places, at District 30's business offices and meeting places in Pikeville and Hazard, Kentucky, and at all places where meetings of members of United Mine Workers of America Local Unions within said geographical limits and jurisdiction of District 30 are held and conducted, for a period of sixty (60) consecutive days, copies of an appropriate notice, with this order annexed, prepared by the Board and furnished to respondents, signed by an officer of the United Mine Workers of America and signed by each of the individual respondents, which states that the respondents have been adjudicated in civil contempt of Court for violating, disobeying, failing, and refusing to comply with the Court's said decree, and that they will undertake forthwith appropriate action in purgation, such notices and copy of this order to be maintained in clearly legible condition throughout such posting period, and insure that they are not altered, defaced or covered by any other material;

(b) Provide to each of said Local Unions for distribution to each of its members, copies of the signed notice, with this order annexed, as set forth in paragraph (a);

(c) Jointly and severally pay to petitioner as court costs all costs incurred in the investigation, preparation, presentation and final disposition of this proceeding to adjudge respondents in civil contempt, said amount to be fixed by further order of the Court upon service and submission by the Board of a statement of its costs; and

(d) File a sworn statement with the Regional Director of the Board's Ninth Region, within ten (10) days after the entry of the order of adjudication and again at the end of the sixty (60) day period provided in paragraph (a) above, showing what steps have been taken by respondents to comply with this order.

It is further ordered that to insure compliance with the foregoing provisions, upon a failure of United Mine Workers of America and District 30 United Mine Workers of America, or either of them, to purge themselves of contempt as herein provided, this Court hereby imposes a compliance fine of $25,000 and a further compliance fine of $1,000 per day on each of said respondents so long as such non-compliance continues; and in the event C. E. Beane, Joseph Castle, Joseph Davis or Noble Hobbs violates said decree or this order in the future, that each pay a fine of $5,000 or be confined to jail for a period of 30 days for each such violation.

Said compliance fines and penalties shall be imposed only in the event that respondents fail, after the entry of this order, to purge themselves of contempt as herein directed.

It is further ordered that in the event of future violations the Court will deal further with the matter by such other means as the Court shall then deem appropriate, including the issuance of a body attachment against any individual responsible for non-compliance or against any officer or agent responsible for non-compliance of the Union respondents.