

There is still less merit in the claim that the expiration of the 1961 contract rendered the complaint moot. A party guilty of an unlawful refusal to bargain in connection with a particular contract does not become vested with immunity because the Board's processes have not been completed before the signature of a successor agreement. See Pacific Coast Ass'n of Pulp & Paper Mfrs. v. NLRB, 304 F.2d 760, 765 (9 Cir.1962). Of course, the Board cannot assume that because failure to include a provision in an earlier contract was an unlawful refusal, repetition of the refusal is likewise so—the parties who agreed on the first occasion may have disagreed on the second. But the Board recognized this, and its order does not purport to resolve whether any agreement on the incentive factor was reached in 1963.

Petition for review denied; enforcement granted.

Carroll Dunscombe, Stuart, Fla., for appellant.

C. Robert Burns, Palm Beach, Fla., for appellee.

Before TUTTLE, Chief Judge, and MOORE * and BELL, Circuit Judges.

PER CURIAM.

As announced from the bench, this appeal is dismissed. It is patently a frivolous appeal. Double costs are awarded the appellee as authorized by 28 U.S.C. § 1912.

Carroll DUNSCOMBE, Appellant,

v.

Bessie F. SAYLE, as Executrix of the Estate of Harold C. Sayle, Deceased, Appellee.

No. 21592.

United States Court of Appeals Fifth Circuit.

Jan. 13, 1965.

Rehearing Denied Feb. 9, 1965.

ALLEGHANY CORPORATION, Plaintiff-Appellant,

v.

Allan P. KIRBY, Charles T. Ireland, Jr., and Fred M. Kirby, Defendants-Appellees,

Randolph Phillips, Defendant.

No. 154, Docket 28397.

United States Court of Appeals Second Circuit.

Submitted Nov. 9, 1964.

Decided Jan. 12, 1965.

* Of the Second Circuit, sitting by designation.