Peter J. BRENNAN, Secretary of Labor, Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Interstate Glass Co., Respondents.

No. 73–1029.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Oct. 26, 1973.

Harlington Wood, Jr., Asst. Atty. Gen., and Walter H. Fleischer, and Jean A. Staudt, Attys., Dept. of Justice, Washington, D. C., for petitioner.

William J. Koenigsdorf, Kansas City, Mo., for respondent, Interstate Glass Co.

Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

In this petition the Secretary of Labor seeks judicial review of an order of the Occupational Safety and Health Review Commission in which the Commission, while upholding the Secretary's citations for violations of the Act, nonetheless vacated the proposed penalties for such citations. We affirm the order of the Commission.

The Occupational Safety and Health Act of 1970, now popularly known as "OSHA", is of recent origin and will have substantial impact upon American Industry. The Secretary of Labor is charged with its enforcement, and in this action he seeks to limit the power of the Commission to modify penalties proposed by him which are within lawful limits. Because this appears to be a case of first impression, and one which tests in part the respective roles of the Secretary and the Commission, some initial explication of OSHA is appropriate.

### "OSHA"

The Act was adopted in 1970 and became effective on April 28, 1971. The bill as passed is a compromise between two competing bills that were submitted both to the House and to the Senate. One bill was administration-backed and the other was strongly supported by organized labor. Although the difference in the two bills primarily involved whether both rule-making and enforcement powers should be located in the same agency, it is clear that both sides favored a bill which would establish a comprehensive program that would substantially reduce the large number of job-related deaths, injuries and health hazards which have existed.[1] It is estimated that 4.1 million businesses and 57 million employees are affected.[2]

The Act provides for the development of a "laundry-list" of violations. Companies are subject to periodic compliance inspections which are carried out at random either upon complaint or upon the inspector's own initiative.[3] Advance notice of an inspection is prohibited, and violators of this provision are subject to criminal sanctions.[4] Violations may be either of standards promulgated by the Secretary[5] or of the "general duty" provision,[6] a catch-all provision intended to supplement the standards formulated by the Secretary.

A violation is "serious" if there is a possibility of an accident and a substantial probability that death or serious physical injury would result.[7] Under the Act, a penalty may be imposed of up to $1,000 for a non-serious violation.[8] Upon receiving notice from the Secretary of the citations and proposed penalties, the employer has 15 days to contest either the citation or the proposed penalty or both[9] by notifying the Secretary who transmits the information to the Commission. The Commission is an independent adjudicatory agency established under the Act, 29 U.S.C. § 661. The Commission is authorized to conduct hearings under § 659(c), which hearings are conducted under § 5 of the Administrative Procedure Act, 5 U.S.C. § 554.[10]

---

1. *See* Moran, A Critique of the Occupational Safety and Health Act of 1970, 67 Nw.U.L.Rev. 200, 200–05 (1972).
   The annual figures reflect that there are over 14,000 deaths and two million injuries caused by industrial accidents. The legislative history of OSHA may be found at 1970 U.S.Code Cong. & Admin.News, 91st Cong., 2d Sess., at 1852.

2. Spann, The New Occupational Safety and Health Act, 58 A.B.A.J. 255 (March 1972).

3. 29 U.S.C. § 657.

4. *See* 29 U.S.C. § 666(f).

5. 29 U.S.C. § 655.

6. 29 U.S.C. § 654.

7. *See* 29 U.S.C. § 666(j). For a discussion of serious vs. non-serious violations, *see* Standard Glass and Supply Co., CCH, Employment & Safety & Health Guide, Vol. 2 ¶ 15,689 at 20,984 (April 27, 1973).

8. 29 U.S.C. § 666(c).

9. 29 U.S.C. § 659(a) and (c).

10. The Rules of Procedure before the Commission are set out in 29 CFR Part 2200 (1972).

The Commission's hearing is presided over by a single Commission Judge who writes an opinion which is then subject to review by the entire three-man Commission at its discretion. After 30 days, if no other member requests a review, his order becomes final and the order of the Commission.

## FACTS

On March 28, 1972, a compliance officer of the United States Department of Labor conducted a compliance investigation of respondent Interstate Glass Company, Lincoln, Nebraska. As a result of conditions uncovered during this investigation, Interstate was cited by the Secretary of Labor on March 29, 1972, for seven "non-serious" violations.[11] The fines totalled $375.00. The Company was ordered to abate item #3 immediately and was given until April 7, 1972, to abate the remaining six. Thereafter, the Secretary withdrew items 6 and 7 and the penalty was reduced to $225.

On April 13, 1972, respondent advised the Secretary that all five remaining violations were abated and that it wished to contest the citations and proposed penalties. This notice of contest was properly transmitted to the Secretary, who thereupon transmitted it to the Commission. The Secretary then submitted to the Commission a complaint under 29 CFR § 2200.7(d) setting forth the substance and penalties of the five violations. The respondent company answered, admitting a violation as to items 3 and 4 but denying the remaining allegations (items 1, 2, 5).

The Commission Judge, after hearing, determined that all five proposed violations did exist as set forth in the citation and were supported by the evidence. However, he vacated all five proposed penalties on the grounds that employees had never complained of the conditions, the employer was either unaware that the conditions were violations or had no knowledge of them, and the employer exercised diligence and good faith in abating the hazards immediately after the citation. Consequently, he concluded, "it will serve no useful purpose of the Act to levy these small fines under the total circumstances involved in this case." It is the vacation of the proposed penalties from which the Secretary appeals.[12]

I

## SCOPE OF ADMINISTRATIVE REVIEW

The Commission is granted the power to review either the citation or the proposed penalty or both under 29 U.S.C. § 659(a) and (c). The scope of such review is set forth in § 659(c):

"The Commission shall thereafter [after hearing] issue an order, based

11. The seven non-serious violations cited, authority for such citations and the fines proposed by the Secretary were as follows:

| Violation | CFR Section | Amount of Fine |
|---|---|---|
| (1) Excessive play in forklift | [1910.178(p)(1)] | $ 25 |
| (2) Inaccessible electrical panel controlling plant's heat and power tools | [1910.310(i)] | 25 |
| (3) Flammable liquid stored in open containers | [1910.106(e)(2)(ii)] | 125 |
| (4) Power saw with missing ground prong | [1910.314(d)(4)(iii)(c)] | 25 |
| (5) Defective ladder | [1910.29(d)(1)(x)] | 25 |
| (6) Loading area not protected with required guardrails | [1910.23(c)(1)] | 75 |
| (7) Insufficient fire extinguishers | [1910.157(c)(1)(iv)] | 75 |

12. Jurisdiction for an appeal to the United States Court of Appeals by the Secretary is granted in 29 U.S.C. § 630(b).

on findings of fact, affirming, modifying, or vacating the Secretary's citation or *proposed penalty* or directing other appropriate relief, and such order shall become final thirty days after its issuance." (emphasis added)

Some writers have interpreted this section of the Act as granting the Commission final authority to affirm, modify, or vacate penalties.[13] The Commission has acted upon a similar view of its power. "As of May 16, 1972, penalties proposed by the Department of Labor had been modified in 58 percent of the cases appealed to the Review Commission. In 43 percent of the cases, the penalty was reduced; in 15 percent, it was increased."[14] In other instances the Commission has vacated the penalties but not the violations.[15]

It is the position of the Secretary-Petitioner that by vacating all five proposed penalties, the Commission abused its discretion and frustrated the purposes of the Act. This assertion is based on a well-reasoned argument that such action frustrates the purpose of OSHA, which relies primarily on voluntary compliance, by nullifying the employer's incentive in self-policing and self-enforcement. Notwithstanding the validity of this argument, the threshold question is whether the review by the Commission is *de novo*.

Prior to the Commission's review, the Secretary had already taken the "circumstances" into consideration in setting the proposed penalties. As each violation was categorized as "non-serious", a fine not exceeding $1,000.00 was authorized, although not required, for each violation. 29 U.S.C. § 666(c). After

placing each violation in a particular category depending upon its gravity, the Secretary reduced the five unadjusted penalties (1) 20% for the good faith of employer, (2) 10% for having less than 20 employees and (3) 20% for having no history of past violations. The adjusted penalties were further reduced 50% because all violations were abated within the period specified. This method of calculating proposed penalties is the standard procedure prescribed by the Secretary's published *Compliance Operations Manual*. It must be assumed that the Secretary's complaint is the Commission's failure to uphold his procedures for imposing penalties when the Commission affirms the Secretary's findings of violations. Obviously, the Secretary does not want his imposed penalties continually contested with the hope or expectation of the employer that the Commission will reduce or vacate them.

The Secretary's argument, however, ignores the clear statutory language. His imposition of penalty is denominated a "proposed penalty". 29 U. S.C. § 659(a). This proposed penalty becomes final only if the employer accepts it or does not "contest" it, in which case it becomes a final order not subject to review by any court or agency. 29 U.S.C. § 659(a). If, on the other hand, the employer contests the order and proposed penalty, the Commission acts *de novo*.[16] Moreover, 29 U.S.C. § 666(i) provides as follows:

"The Commission shall have authority to assess all civil penalties provided in this section, giving due consideration to the appropriateness of the pen-

---

13. *E. g.*, Note, The Occupational Safety and Health Act of 1970: Some Unresolved Issues and Potential Problems, 41 Geo.Wash. L.Rev. 304, 321 n. 108 (1972).

14. 1 O.S.H.R. 1197 (May 18, 1972) *cited in* 41 Geo.Wash.L.Rev. at 321 n. 108, *supra* note 13. For an example of a *reduced* penalty, *see* Apex Paper Co., CCH, Employment & Safety & Health Guide, Vol. 2 ¶ 61,249 at 21,210 (June 29, 1973) (reduced because of low gravity and first offense). For an example of an *increased* penalty, *see* Pollard, Inc.,

Corp., CCH, Employment & Safety & Health Guide, Vol. 2 ¶ 16,260 at 21,217 (July 5, 1973) (Secretary's finding of good faith was unwarranted).

15. *E. g.*, Enterprise Manufacturing & Supply Co., CCH Employment & Safety & Health Guide, Vol. 2 ¶ 16,247 at 21,210 (June 29, 1973) (penalties would not further the aims of the Act).

16. 29 U.S.C. § 659(c). Note the limitations on judicial review at § 660, discussed, *infra*.

alty with respect to the size of the business of the employer being charged, the gravity of the violation, the good faith of the employer, and the history of previous violations."

The Congressional intent is thus plainly manifested that the Commission shall be the final arbiter of penalties if the Secretary's proposals are contested and that, in such a case, the Secretary's proposals merely become advisory. We find no authority to the contrary. In one recent Fifth Circuit opinion, the court vacated an order of the Commission setting aside proposed penalties and reinstated the Secretary's proposed penalties. Brennan v. Occupational Safety and Health Review Commission and Brent Towing Co., Inc., 481 F.2d 619 (5th Cir. 1973). The question presented there was whether a particular letter constituted a "notice of contest". The Commission determined that it did and vacated the proposed penalties because the Secretary had not forwarded the letter within the required time period. The respondent-employer conceded its liability and indicated a desire not to proceed further. The court refused to decide the issue presented by the Secretary and the Commission because the "chief party in interest has long since . . . declined to remain the focal center for an administrative whirlwind of such minor proportions."

### SCOPE OF JUDICIAL REVIEW

■ 29 U.S.C. § 660(a) authorizes review in the Court of Appeals for "any person adversely affected or aggrieved" and § 660(b) authorizes review for the Secretary. Section 660(a) provides in pertinent part:

> "Upon such filing, the court shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such record a decree affirming, modifying, or setting aside in whole or in part, the order of the Commission and enforcing the same to the extent that such order is affirmed or modified. * * * The findings of the Commission with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive."

The reviewing court is thus bound to apply the substantial evidence test to the Commission's findings of fact. The assessment of penalties is not a finding but the exercise of a discretionary grant of power. And while the court has jurisdiction to review and power to modify, the test of a penalty within the statutory range must be whether the Commission abused its discretion.[17]

■ In this case, the Commission had discretion to impose a fine of up to $1,000 for each non-serious violation.[18] Its order reflected its consideration of the statutory criteria for the appropriateness of penalties.[19] We are unable to

---

17. *See* 5 U.S.C. § 706(2)(A). In Butz v. Grover Livestock Commission, Inc., 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973), a a Judicial Officer reduced a penalty assessed by the Secretary of Labor under the Packers and Stockyards Act, 7 U.S.C. § 181 et seq. Upon review, a panel of this circuit vacated a suspension penalty which it found to be "unwarranted and without justification in fact." 454 F.2d 109, 115 (8th Cir. 1972). The Supreme Court reversed, holding the record substantiated the findings of the Judicial Officer, and that the court's consideration of such factors as "damaging publicity" exceeded its function of judicial review. It observed that the standard of review should conform to the

"fundamental principle . . . that where Congress has entrusted an administrative agency with the responsibility of selecting the means of achieving the statutory policy 'the relation of remedy to policy is peculiarly a matter for administrative competence.' American Power Co. v. S.E.C., 329 U.S. 90, 112, 67 S.Ct. 133, 91 L.Ed. 103 (1946)." 411 U.S. at 185, 93 S.Ct. at 1458.

18. 29 U.S.C. § 659(c), § 666(i). Note that imposition of penalties for serious violations is mandatory. 29 U.S.C. § 666(b).

19. "Good faith", one of the criteria, can be a broad tent. Respondent Interstate Glass Co. had urged before the Commission that certain

say from the record before us that the Commission abused its discretion in vacating the proposed penalties. In so doing, we do not adopt the position of the Commission that "[r]elatively minor monetary penalties do little" to "obtain compliance with [the Act's] requirements in order to insure a safe and healthful work place." 1 O.S.H.R. 1198 (May 18, 1972). Nor do we think that the self-compliance aspects of the Act can only be enforced by mandatory penalties, as implied by the Secretary. The Act calls for the exercise of discretion, and our review is not to be directed to what policy best furthers the objectives of the Act, but rather to whether the statutory discretion has in fact been exercised and has not been abused.

Affirmed.

defects in its equipment had not been reported to the company by employees using the equipment. A "willful" violation exposes an employer to higher penalties. 29 U.S.C. § 666 (a). Non-serious violations need not be supported by evidence of knowledge. "Good faith" therefore contemplates the post-inspection performance of the employer in acting to correct the defect. It does not appear from its order that the Commission adopted or applied the erroneous standard urged by the employer.