DAN J. SHEEHAN COMPANY,
Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, and John T. Dunlop, Secretary of Labor, Respondents.

No. 74–2764.

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 1975.

Ira J. Smotherman, Jr., McNeill Stokes, Atlanta, Ga., for petitioner.

William S. McLaughlin, Exec. Sec., OSHRC, Washington, D. C., Peter J. Brennan, Sec. of Labor, U. S. Dept. of Labor, Washington, D. C., Norman H. Winston, Assoc. Reg. Sol. of Labor, Birmingham, Ala., Harry R. Silver, Stephen F. Eilperin, Dept. of Justice, Washington, D. C., for respondents.

Before COLEMAN, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Dan J. Sheehan petitions this court to review an order of the Occupational Safety and Health Review Commission (Commission) affirming a $500.00 penalty assessed by the Secretary of Labor (Secretary) under the Occupational Safety and Health Act of 1970 (OSHA). 29 U.S.C. § 651 et seq. Petitioner, a painting contractor, was cited for a serious violation under the general duty clause of OSHA for failing to provide a "place of employment . . . free from recognized hazards . . . likely to cause death or serious physical harm . . . ." 29 U.S.C. § 654(a)(1). The citation was prompted by the death of petitioner's employee who was electrocuted while working on a scaffold erect-

ed within approximately one foot of an electrically-charged power line carrying current in excess of 7,000 volts. Sheehan was ordered to abate the hazard immediately and was served with a $500.00 proposed penalty on August 3, 1973.

By letter dated August 22, 1973, Sheehan notified the Commission:

> We are not contesting your August 3, 1973 citation. We admit that the scaffold was erected too close to the energized wire. However, we would like for you to look further into the matter and possibly with this new information, lift the proposed $500.00 penalty.

Sheehan further explained that his company had always been "very safety conscious," and begged "release" of the penalty, pointing out that the deceased employee had been warned by the foreman not to use the part of the scaffolding near the wire. The letter was accompanied by a report prepared by the foreman describing the circumstances surrounding the fatal accident and emphasizing that the deceased employee had been alerted to the danger.

Upon receipt of the letter, the Secretary notified the Commission of Sheehan's "notice of contest" and a hearing before an Administrative Law Judge was conducted on December 27, 1973. The judge construed Sheehan's letter as contesting solely the appropriateness of the penalty and consequently refused to review Sheehan's challenges to the validity of the citation. The judge affirmed the $500.00 penalty and his order became final when no member of the Commission exercised discretionary review. 29 U.S.C. § 661(i). Sheehan then petitioned this court to review the order pursuant to 29 U.S.C. § 660(a) and was granted a stay by the Commission pending these judicial review proceedings.

Petitioner challenges the citation and penalty on three bases: 1) the judge erred in not reviewing the validity of the citation as well as the appropriateness of the penalty; 2) the general duty clause is invalid and unenforceable because it is

unconstitutionally vague; and 3) the OSHA enforcement scheme is violative of Fifth Amendment due process guarantees for failing to provide for a hearing prior to imposition of a proposed penalty.

Under the expedited OSHA enforcement scheme, a citation and proposed penalty become a final order of the Commission unless contested by the employer within 15 working days of receipt of notification. 29 U.S.C. § 659(a). If the employer fails to contest, the order is not subject to review by any court or agency. *Id.* The threshold question then becomes whether Sheehan's letter of August 22 constituted a notice of contest of the citation or the proposed penalty or both. Petitioner first asserts that the letter should be construed as a contest of both the citation and the penalty. Second, petitioner argues that a contest of the proposed penalty alone is sufficient to allow the Commission to review the underlying violation. Finally, petitioner argues that the expedited OSHA procedure effectively chilled his right to request a hearing as to the validity of the citation.

Sheehan's first contention urges a clearly unreasonable construction of his own letter. Sheehan expressly stated that he was "not contesting" the citation and admitted that the scaffold was "too close" to the power line. The remainder of the letter, dealing with the safety practices of the company and describing how the deceased employee had ignored the foreman's warning, is directed solely to persuading the Secretary to reduce the amount of the proposed penalty.

■ Common sense mandates that we reject as totally artificial Sheehan's urging that his letter should be construed only as an admission of certain factual allegations contained in the citation (*i. e.,* that the scaffolding was erected within one foot of the power line) and his contention that he did not intend it to be an admission of a violation of the general duty clause of OSHA. Even construing the letter in a light most favorable to

Sheehan, we agree with the judge that the letter failed to contest the violation and was at most a weak attempt to contest the proposed penalty.

■ Petitioner's second contention—that the contest of the penalty gave the judge jurisdiction to review the validity of the citation—must also fail. OSHA Section 10(a), 29 U.S.C. § 659(a), and the regulations promulgated thereunder provide the means for employer-initiated review of citations and proposed penalties. The statute provides that "the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty." 29 U.S.C. § 659(a). Under 29 C.F.R. § 1903.17, the employer is instructed that "[e]very notice of intention to contest shall specify whether it is directed to the citation or to the proposed penalty, or both." Section 10(a) further provides that if within the designated time the employer fails to contest "the citation or proposed assessment of penalty, . . . the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." 29 U.S.C. § 659(a).

We have previously construed the above statutory scheme as mandating a distinction between a contest of a citation and a contest of a proposed penalty. *Brennan v. Occupational Safety and Health Review Commission (Bill Echols Trucking Co.),* 487 F.2d 230, 233–34 (5th Cir. 1973). In *Echols* we held that an employer's failure to contest the citation in a letter which challenged the proposed penalty resulted in a final order as to the citation which could not subsequently be vacated by the Commission as a sanction against the Secretary for delaying transmission of the letter to the Commission. Petitioner urges that *Echols* does not control this litigation because the context in which that case arose was decidedly different from the instant case. Specifically, petitioner contends that the effect of the holding in *Echols* was to restrict the Commission's

power to use the extreme sanction of dismissal to penalize the Secretary's reasonable interpretation of his duties under OSHA and that the court was primarily concerned with preventing prejudice to the Secretary. In contrast, Sheehan points out that allowing him opportunity to contest the citation in this instance would not prejudice the Secretary's rights. Sheehan further notes that the Commission has not been uniform in its interpretation of the requisites of Section 10(a)[1] and that the precedential value of *Echols* may be undermined by the panel's acknowledgement in that case that the difficulty of their task was "magnified by the paucity of the written argument presented to us." 487 F.2d at 232.

We decline to depart from this court's decision in *Echols* at the present time. If the Commission should determine to take the other view in a consistent course of administrative interpretations, in another case this court may choose to give controlling weight to that persuasive factor. Sheehan's letter not only failed to contest the citation, but affirmatively admitted the violation. We agree with the judge's finding that Sheehan had waived his right to challenge the citation.

As a final argument to support his contention that the judge erred in not reviewing the validity of the citation as well as the appropriateness of the penalty, petitioner asserts that the expedited OSHA enforcement scheme has a built-in chilling effect which deters employers from contesting citations and penalties and consequently denies their right to a hearing. Three provisions are claimed to impose the "OSHA Chill." First, under Section 17(j), the Commission may conceivably increase the amount of penalty proposed by the Secretary if the employer chooses to contest the citation or pen-

alty. 29 U.S.C. § 666(i). Second, the Commission has the power to retroactively assess non-abatement penalties from the date of citation if it finds that the employer-initiated review was not in good faith or was instituted solely for delay or avoidance of penalties. 29 U.S.C. § 666(d). Third, a final order of the Commission is not automatically stayed by commencement of review proceedings in a court of appeals. Rather, OSHA provides that unless the court of appeals affirmatively orders a stay, non-abatement penalties may start to accrue during the judicial appeal period. 29 U.S.C. § 660(a).

Before we reach the merits of Sheehan's "chilling effect" argument, we must first decide that he has standing to raise the issue. See *Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). In this case, Sheehan has not been directly penalized by any of the three provisions he cites as constituting OSHA's chilling effect. Neither the judge nor the Commission increased the proposed penalty assessed by the Secretary. There is no indication that the Commission will assess a per diem non-abatement penalty against the employer for taking a bad faith appeal. Further, since the Commission ordered a stay pending disposition of review proceedings in this court, Sheehan will suffer no punitive effects because he initiated judicial review. This court has previously failed to reach the merits of an employer's "chilling effect" challenge when the employer had not already been adversely affected by the challenged provisions of the Act. *Atlas Roofing Co. v. Occupational Safety and Health Review Commission*, 518 F.2d 990, 1011 (5th Cir. 1975); *Lake Butler Apparel Co. v. Secretary of Labor*, 519 F.2d 84, 88 (5th Cir. 1975). Sheehan persuasively argues, however, that the chilling effect of the

1. Petitioner cites the decision in *Selchow & Righter Co.*, OSHRC Docket No. 1057, 3 CCH Employment Safety and Health Guide, ¶ 15,191 (August 28, 1972), as evidence that the Commission interprets the statutory language as providing a basis for Commission jurisdiction over all issues if either the citation or the penalty is contested. In the instant case, however, the judge did not mention *Selchow* but chose to rely on this court's decision in *Echols* to support his finding that the validity of the citation was unreviewable.

statutory scheme has already taken its toll in this litigation. He raises the alternative contention that if the possibility of increased penalties had not operated as a deterrent, he would have challenged both the citation and the penalty in his letter of contest and would not have felt the necessity to couch his objections to the Secretary's actions in such conciliatory language. In sum, petitioner argues that the chill of the OSHA scheme has resulted in a loss of his right to a hearing on the validity of the citation.

■ Since we have decided that petitioner failed to contest the citation and thus waived his right to a hearing on that issue before the judge and this court, we recognize Sheehan as sufficiently aggrieved to raise the chilling effect question.

■ We hold that OSHA enforcement procedures do not operate to unconstitutionally chill petitioner's right to initiate a hearing under the Act. Sheehan first contends that the Commission's power to increase the proposed penalty under Section 17(j) places an unconstitutional deterrent on the employer's exercise of his right to contest. Under Section 17(j), the Commission is empowered to "assess all civil penalties provided in this section, giving due consideration to the appropriateness of the penalty with respect to the size of the business of the employer being charged, the gravity of the violation, the good faith of the employer, and the history of previous violations." 29 U.S.C. § 666(i). On several occasions, the Commission has taken the position that it may exercise its power under Section 17(j) to increase the proposed penalty after considering the factors outlined

in the statute.[2] While acknowledging that other circuits have differed on the Commission's right to impose an increased penalty, and that we have not decided it,[3] we assume, without deciding, that the Commission has the power to increase the proposed penalty.

■ The question then becomes whether the threat of increased penalties after employer-initiated review violates the employer's due process rights under the Fifth Amendment. Since this precise question has not been decided by this court, we take our guidance from developments in the criminal law area. The decisions of the United States Supreme Court have repeatedly stressed that a system that allows the imposition of a more severe penalty following a successful appeal is not per se constitutionally infirm. *Chaffin v. Stynchcombe*, 412 U.S. 17, 29, 93 S.Ct. 1977, 1984, 36 L.Ed.2d 714 (1973); *Colten v. Kentucky*, 407 U.S. 104, 116, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584 (1972); *North Carolina v. Pearce*, 395 U.S. 711, 723, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656 (1969). The Court has instead focused on the potential for vindictiveness to determine whether a particular procedure violates due process. *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). When examining a procedural scheme to test for the "likelihood of vindictiveness," the Court has found it necessary to look not only for actual retaliatory motivation on the part of the sentencing body, but also to inquire as to the defendant's apprehension of such retaliatory motivation so as to prevent the defendant from being chilled in the exercise of his rights. *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40

2. *See Brennan v. Occupational Safety and Health Review Commission (Interstate Glass Co.)*, 487 F.2d 438, 441 (8th Cir. 1973): "As of May 16, 1972, penalties proposed by the Department of Labor had been modified in 58 percent of the cases appealed to the Review Commission. In 43 percent of the cases, the penalty was reduced; in 15 percent it was increased." 1 O.S.H.R. 1197 (May 18, 1972).

3. The Second and Eighth Circuits have expressed the view that the Commission may increase the penalty imposed by the Secretary of Labor. *REA Express, Inc. v. Brennan*, 495 F.2d 822, 825 (2d Cir. 1974); *Brennan v. Occupational Health and Safety Review Commission (Interstate Glass Co.)*, 487 F.2d 438, 442 (8th Cir. 1973). In contrast, the Ninth Circuit recently stated that it approved of a Commission order which asserted that the Commission had no authority to enhance a proposed penalty. *Madden Construction, Inc. v. Hodgson*, 502 F.2d 278, 281 (9th Cir. 1974).

L.Ed.2d 628 (1974); *North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Further, this court has recently stated that in examining a system for potential vindictiveness, the inquiry should be directed at the institution or system under scrutiny, rather than merely focusing on the individuals involved or the facts present in the particular situation. *United States v. Floyd,* 519 F.2d 1031, 1034 (5th Cir. 1975).

The OSHA scheme allows the Commission to increase the proposed penalty imposed by the Secretary if, after the hearing provided by the statute, the Commission determines that such an increase is warranted. Until the employer contests the proposed penalty, there is no opportunity for a hearing. Thus the hearing conducted by the judge is in the nature of a de novo review. 29 U.S.C. § 659(c). *See Brennan v. Occupational Health and Safety Review Commission (Interstate Glass Co.),* 487 F.2d 438, 441 (8th Cir. 1973). The Supreme Court has held that the possibility of imposition of an increased penalty by a court of general jurisdiction in a trial de novo following appeal from conviction by an inferior court does not impermissibly deter defendants from appealing their convictions. *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). The OSHA review system is not unlike the system involved in *Colten.* In each system, the body which has the power to increase the penalty is not the same body which imposed the initial, lighter penalty. Thus the Commission will not have the same personal stake in seeing that the Secretary's orders go unchallenged as it would if it were protecting its own orders.

The analogy between OSHA and a two-tier trial court system is not a perfect one. Further inquiry is necessary to test for potential vindictiveness. This court has previously been guided by four factors laid down by the Supreme Court in *Chaffin v. Stynchcombe. See United States v. Floyd,* 519 F.2d 1031, 1034 (5th Cir. 1975). In deciding that higher sentences imposed by a jury after retrial did not violate the due process clause nor chill defendant's exercise of his right to appeal, the Court in *Chaffin* explained that (1) the jury had not been informed of the prior sentence; (2) the jury did not know whether the prior trial was on the same charge or resulted in a conviction or mistrial; (3) the jury was a separate and distinct judicial authority having no personal stake in the prior action and no motivation for self-vindication; and (4) the jury was unlikely to be sensitive to the institutional interest that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals.

In the case at bar, we find that only the third insulating factor mentioned in *Chaffin* is present in the OSHA review scheme. Under OSHA, the Commission will of necessity be informed of the proposed penalty and of the circumstances surrounding the issuance of the citation. Further, it could be argued that the Commission has an institutional interest in discouraging employer-initiated appeals from the Secretary's orders. However, as has been recognized by the Supreme Court in *Chaffin,* the inquiry into the chilling effect of a procedural scheme must be made on "a case by case basis." *Chaffin v. Stynchcombe,* 412 U.S. 17, 32, 93 S.Ct. 1977, 1985, 36 L.Ed.2d 714 (1973). An insulating factor which is present in this case, and one which we believe is decisive, is the opportunity for the employer to obtain judicial review of an increased penalty imposed by the Commission by filing a petition in the court of appeals. 29 U.S.C. § 660(a). The court is empowered to review the appropriateness of the penalty using an "abuse of discretion" standard. *See REA Express, Inc. v. Brennan,* 495 F.2d 822, 827 (2d Cir. 1974), and *Interstate Glass Co.,* 487 F.2d at 442. Further, the court of appeals will be able to test the propriety of the increased penalty against the standards provided in Section 17(j). If the Commission does not offer any reason for its decision to increase or if there is

evidence that the increase was designed to penalize the employer for exercising its right to contest, the court will be in a position to correct such an abuse of discretion. The opportunity for such corrective action by the courts is a sufficient safeguard to allay the fears of employers who might be fearful that a contest of a citation and proposed penalty would hazard increased penalties by way of retribution.

The second feature of the OSHA enforcement scheme challenged by petitioner as contributing to the chilling effect of OSHA is also insulated by the possibility of judicial review. If the Commission chooses to impose retroactive penalties for non-abatement after a finding that the review initiated by the petitioner was in bad faith or solely for the purpose of delay, the court will be able to review that decision in the same manner as an original violation. 29 U.S.C. § 666(d). *Lake Butler Apparel Co. v. Secretary of Labor*, 519 F.2d 84, 87 (5th Cir. 1975).[4]

In deciding whether the Commission's action was appropriate, the court may be guided by its experience in interpreting and applying 28 U.S.C. § 1912 and Fed.R.App.P. 38 which authorize an award of damages and double costs to the appellee in case of frivolous appeals. *See Monroe Auto Equipment Co. v. NLRB*, 511 F.2d 611, 614 (5th Cir. 1975); *Dunscombe v. Sayle*, 340 F.2d 311 (5th Cir. 1965). The courts have always been cautious to limit application of such a severe penalty to unusual cases where there is a clear showing of bad faith. *See Fluoro Electric Corp. v. Branford Associates*, 489 F.2d 320, 326 (2d Cir. 1973); *West Virginia v. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir. 1971). We have no reason to believe that the Commission will be less inclined to use its power in an equally careful manner, especially in

light of the newness of the Act and the novelty of many of the legal questions raised on appeal.

Finally, the burden placed on the employer to obtain a stay pending judicial review in the court of appeals is not so severe as to warrant a finding that judicial review is not effectively denied to the employer under the Act. The employer has the opportunity not only to ask the court of appeals for a stay order under 29 U.S.C. § 660(a), but may also petition the Commission to stay its own final order. *Lance Roofing v. Hodgson*, 343 F.Supp. 685, 689–90 (N.D. Ga.), *aff'd*, 409 U.S. 1070, 93 S.Ct. 679, 34 L.Ed.2d 659 (1972). As is evidenced by the Commission's willingness to stay its penalty order in the case at bar, an employer is not likely to be deterred from appealing an incorrect decision because of the necessity for asking for a stay from the court or Commission.

Finding that the statutory scheme does not contain a "chill" factor which abridges due process, we hold that the judge was correct in deciding that the only issue to be considered in this case is the appropriateness of the penalty. Hence, petitioner's atttempted challenge to the validity of the citation based on the alleged vagueness of the general duty clause was correctly rejected by the Commission.

■ Petitioner's third objection to the OSHA review system is without merit. This court has recently rejected a due process challenge to OSHA's enforcement scheme and has held that the Fifth Amendment does not require an opportunity for a hearing prior to the Secretary's assessment of a proposed penalty. *Atlas Roofing Co. v. Occupational Health and Safety Review Commission*, 518 F.2d 990, 1012 (5th Cir. 1975).

Affirmed.

---

4. A three-judge district court has expressed fear that OSHA does not provide an "effective means of challenging" the Commission's decision to assess retroactive non-abatement penalties against an employer who initiates a bad faith appeal. *Lance Roofing v. Hodgson*, 343 F.Supp. 685, 690 n. 4 (N.D.Ga.), *aff'd*, 409 U.S. 1070, 93 S.Ct. 679, 34 L.Ed.2d 659 (1972). However, this court has stated that even if the Act does not provide for judicial review, the Administrative Procedure Act, 5 U.S.C. § 704, will afford a remedy for the employer. *Lake Butler Apparel Co.*, 519 F.2d 84, 87 (5th Cir. 1975).