Peter J. BRENNAN, Secretary of Labor, Petitioner,

v.

WINTERS BATTERY MANUFACTUR-ING COMPANY, Respondent.

No. 75–1367.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1975.

Decided Dec. 18, 1975.

Certiorari Denied May 24, 1976.
See 96 S.Ct. 2202.

318

Michael H. Levin, Counsel for App. Litigation, Washington, D. C., Judith Burghardt, Alexandria, Va., for petitioner.

Lee Norman, Roland M. Lowell, Buck & Baker, Nashville, Tenn., for respondent.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

For the first time this court is called upon to interpret an act of Congress which provides that our Clerk, "unless otherwise ordered by the court," shall enter "forthwith" a decree enforcing an order of an administrative agency. The agency is the Occupational Safety and Health Review Commission (OSHRC). The statute, 29 U.S.C. § 660(b), is a part of the Occupational Safety and Health Act of 1970 (OSHA).

The Secretary of Labor filed a petition with the Clerk of this court for the summary enforcement of an OSHA order. The respondent, Winters Battery Manufacturing Company, filed an opposing answer. The Chief Judge of the court prepared an order of enforcement and directed that it be signed and entered by the Clerk. This order, dated July 2, 1975, is as follows:

> This case is submitted on the petition of the Secretary of Labor for summary enforcement of a final order of the Occupational Safety and Health Review Commission.
>
> The petition for summary enforcement avers that respondent never contested the citation, the notification of proposed penalties, or the accompanying abatement requirements. Respondent does not contend that it filed any notification of intent to contest within fifteen working days after the issuance of the citation.
>
> The petition further avers that, after due notification and extensions of time, the respondent failed to abate certain of the violations which were the subject of the original citation. Respondent does not contend that it notified the Secretary within fifteen working days from the receipt of the notification that it wished to contest any part of the notification or proposed assessment of non-abatement penalty.
>
> In the absence of such notification within fifteen working days, the statute expressly provides that the citation, assessments, the notification of failure to

abate and non-abatement penalties are deemed the final orders of the Commission and "not subject to review by any court or agency." 29 U.S.C. § 659(a) and (b).

> No timely petition for review having been filed in this court pursuant to 29 U.S.C. § 660(a), "the Commission's finding of fact and order shall be conclusive in connection with [this] petition of enforcement." 29 U.S.C. § 660(b).
>
> For these reasons, and not having been otherwise ordered by the court, it is hereby ORDERED that the orders of the Commission be enforced. 29 U.S.C. § 660(b).
>
> ENTERED BY ORDER OF THE COURT.
>
> By /s/ GRACE KELLER
> Grace Keller
> Chief Deputy

The respondent thereupon filed a petition for rehearing en banc. No judge moved for en banc reconsideration, Fed.R.App.P. 35, and the petition for rehearing was scheduled for oral argument before this panel on October 6, 1975.

We deny the petition for rehearing for the reasons stated in this opinion.

### 1) The Facts

Winters Battery is a Tennessee Corporation whose principal business is the manufacture and sale of automobile batteries. On January 17, 1973, an authorized representative of the Secretary of Labor inspected the Winters Battery factory and determined that one serious and seven non-serious OSHA violations were present. On February 12, 1973, Winters Battery was notified of these violations in writing and given a reasonable time for abatement as provided by 29 U.S.C. § 658(a).

The notice included the following warning as to the time limits in which respondent could preserve its rights to a hearing and review:

> You will soon be notified by certified mail whether or not a proposed penalty will be assessed as a result of the cited

violation(s). You have the right to contest the citation(s), the proposed penalties, or both, before the Occupational Safety and Health Review Commission. The Review Commission is an independent quasi-judicial agency with authority to issue decisions regarding citations and proposed penalties. If you do contest, you must so notify the Area Director within 15 working days after receipt of the certified mail notice regarding proposed penalties. If you fail to contest within the 15 working day period, the citation and the proposed assessment of penalties shall be deemed to be a final order not subject to review by any court or agency.

On the same date respondent was notified of a proposed penalty in the amount of $1,400. This notice contained the following warning:

> YOU ARE FURTHER NOTIFIED that the aforesaid Citation(s), this Notification, and the proposed assessment shall be deemed to be the final order of the Occupational Safety and Health Review Commission and not subject to review by any court or agency, *unless*, within 15 working days from the date of receipt of this notice, you notify the official named below in writing that you intend to contest the Citation or this Notification of Proposed Penalty before the Review Commission. The Review Commission is an independent quasi-judicial agency with authority to issue decisions regarding citations and proposed penalties.

Respondent filed no expression of intention to contest either the citation or the notification of proposed penalty.

On May 30, 1973, Winters filed a written request for a six month extension of the

abatement period. The Secretary did not object and the compliance date was extended until November 10, 1973. On November 5, 1973, Winters sought a second extension of the abatement period until May 10, 1974. The Secretary refused to grant the requested extension, but allowed Winters until December 15, 1973, to comply with the order. Another inspection took place on December 27, 1973, and it was determined that one serious and two nonserious violations had not been abated. On January 22, 1974, the Secretary issued a notice of failure to abate and proposed penalties totaling $1,025. Again Winters failed to give notice, within fifteen working days from receipt of notification, of intent to contest as required under § 659(a). On February 27, 1974, Winters sought and was granted another six month extension of the abatement period until September 1, 1974. On September 3, 1974, another inspection of the Winters plant revealed that one serious and one nonserious violation had not been abated. On April 7, 1975, pursuant to § 660(b), the Secretary filed with the Clerk of this court a petition for summary enforcement. On April 16, 1975, the respondent filed an answer, to which the Secretary responded on May 6, 1975.

The above-quoted order of enforcement thereupon was entered on July 2, 1975. It is re-emphasized that this order was prepared by the Chief Judge of the court and was entered by the Clerk at the direction of the Chief Judge.

## 2) Function of the Clerk

Respondent challenges the constitutionality of the statute on numerous grounds which will be discussed later in this opinion. Specifically challenged is the provision of 29 U.S.C. § 660(b) [1] which states that the Clerk

---

1. (b) The Secretary may also obtain review or enforcement of any final order of the Commission by filing a petition for such relief in the United States court of appeals for the circuit in which the alleged violation occurred or in which the employer has its principal office, and the provisions of subsection (a) of this section shall govern such proceedings to the extent applicable. If no petition for review, as provided in subsection (a) of this section, is filed

within sixty days after service of the Commission's order, the Commission's findings of fact and order shall be conclusive in connection with any petition for enforcement which is filed by the Secretary after the expiration of such sixty-day period. In any such case, as well as in the case of a noncontested citation or notification by the Secretary which has become a final order of the Commission under subsection (a) or (b) of section 659 of this title, the clerk of

"unless otherwise ordered by the court" shall enter "forthwith" an order of enforcement. Respondent asserts that empowering the Clerk to enter summary orders of enforcement, without being so instructed by the court, is an unconstitutional delegation of judicial power.

■ The Secretary of Labor undertakes to defend this statutory provision by an argument which we find to be untenable: "The Clerk's action in lending the court's enforcement powers to the Secretary is purely ministerial in nature." We reject this contention. An order enforcing a decision of an administrative agency is a judicial, not ministerial, action. Enforcement by judicial decree provides a basis for contempt proceedings in this court in event of non-compliance. *See, e. g., N.L.R.B. v. Decaturville Sportswear Co., Inc.,* 518 F.2d 788 (6th Cir. 1975); *Local 98 United Ass'n of Journeymen, etc. v. N.L.R.B.,* 497 F.2d 60 (6th Cir. 1974); *N.L.R.B. v. Local Union No. 80, Sheet Metal Wkrs.' Int. Ass'n,* 491 F.2d 1017 (6th Cir. 1974); *N.L.R.B. v. United Mine Workers of America,* 393 F.2d 265 (6th Cir. 1968), *cert. denied,* 393 U.S. 841, 89 S.Ct. 123, 21 L.Ed.2d 113 (1968); *N.L.R.B. v. Lynair, Inc.,* 380 F.2d 286 (6th Cir. 1967).

Section 660(b) contains the following language with respect to contempt proceedings:

In any contempt proceeding brought to enforce a decree of a court of appeals entered pursuant to this subsection or subsection (a) of this section, the court of appeals may assess the penalties provided in section 666 of this title, in addition to invoking any other available remedies.

The Secretary contends that a petition for summary enforcement under the quoted parts of § 660(b) (see n. 1) is "not a petition for enforcement of the kind which opens up issues to judicial scrutiny," but is "rather a request for a decree enforcing outstanding,

final and essentially self-executing Commission orders." It is urged that if a timely answer is not filed to the Secretary's petition for summary enforcement, the Clerk should "forthwith" enter the requested decree, apparently without any direction from the court.

■ We decline to allow the Clerk of this court to become a rubber stamp for OSHA or any other agency. No person should be subjected to the contempt jurisdiction of this court unless he has violated an order or decree approved by the court and entered at the direction of the court.

■ So as to remove any doubt as to the procedure to be followed in future OSHA cases, we direct that the Clerk of this court shall not be authorized or permitted to sign and enter orders of enforcement under § 660(b) except upon express authorization and direction by a panel of the court. Each petition for enforcement shall be referred to a panel of the court for disposition. The panel will decide whether the proposed order is final and unreviewable and whether summary enforcement should be granted. Orders in OSHA cases will set forth the names of the judges constituting the panel which has adjudicated the matter. Orders signed by the Clerk will not contain the words "not having been otherwise ordered by the court," but shall conclude with the words "Entered by order of the court." The procedure herein outlined will be followed in all OSHA cases.

In administering § 660(b), the Clerk is not empowered to enter summary orders of enforcement without first having been so directed by the court.

When thus interpreted and administered, there is no constitutional infirmity in this section.

The Secretary further contends:

5. We further note that our interpretation of the pertinent summary enforce-

the court, unless otherwise ordered by the court, shall forthwith enter a decree enforcing the order and shall transmit a copy of such decree to the Secretary and the employer named in the petition. In any contempt proceeding brought to enforce a decree of a court

of appeals entered pursuant to this subsection or subsection (a) of this section, the court of appeals may assess the penalties provided in section 666 of this title, in addition to invoking any other available remedies.

ment language is supported by the Act and its legislative history. Section 11(b) itself states that "The Commission's findings of fact and order shall be conclusive" in any petition for enforcement filed by the Secretary after sixty days from that order—a provision which facially includes settlement agreements incorporated in final Commission orders and indicates there should be very little if anything to litigate in such enforcement proceedings. Moreover, the Act in general is designed to insure expeditious abatement by self-executing orders which automatically become final and substantively unreviewable unless the aggrieved employer timely takes subsequent statutory steps. Thus, citations and notifications of failure to abate become final and unreviewable unless contested within 15 working days, 29 U.S.C. 659(a) and (b); decisions of the Commission's administrative law judges become final unless the Commission directs review within 30 days, 29 U.S.C. 661(i), 660(a); and Commission orders become final and unreviewable unless appealed within 60 days, 29 U.S.C. 660(a). A judicial enforcement proceeding which accepts this finality is the necessary complement to realization of the Congressional goal of swift abatement of occupational hazards. E. g., Leg.Hist. 194–195, 463, 470. ("Leg.Hist." references are to Committee Print, LEGISLATIVE HISTORY OF THE OCCUPATIONAL SAFETY AND HEALTH ACT OF 1970, 92d Cong. 1st Sess. (June 1971)). Absent of a specific statutorily-prescribed procedure for such petitions, it accordingly falls to the Secretary and the Courts to fashion a proceeding which effectuates the Congressional intent. Cf. *Brennan v. OSHRC and Kesler & Sons Const'n. Co.*, 515 F.2d 553 (10th Cir. 1975). That intent would clearly not be effectuated by permitting or requiring full-scale substantive briefing and argument on every summary enforcement petition which is answered—a result which would make the time limits on employer petitions, 29 U.S.C. 660(a), and the section's conclusiveness language largely meaningless.

6. The legislative history of 29 U.S.C. 660(b) additionally supports our interpretation that summary enforcement petitions are routinely to result in swiftly-issued decrees rather than time-consuming formal appellate proceedings. The Senate bill as reported and passed contained a substantively identical provision which was repeatedly described, in express contradistinction to the normal review authorized by 29 U.S.C. 660(a), as enabling "the Secretary to obtain *an automatic court enforcement order* when no review [of the Commission's order by the employer] has been requested within such 60 day period." Leg.Hist. 155, 260, 386, 462–463, 557. (The Senate Report also noted that "In the case of such petitions . . . the clerk of the court of appeals *would* enter a decree enforcing the order of the [Commission] . . . ." Leg. Hist. 1974. (Emphasis added.)) The reported House bill contained a provision which was closely analogous to standard NLRB petitions for enforcement and simply provided that "The Secretary shall have power, upon issuance of an order . . . to petition any * * * court * * * for appropriate relief," i. e., enforcement. Leg.Hist. 837, 854, 871. The House-passed Steiger amendment was even more limited, providing that "The Secretary may also obtain judicial review or enforcement of a decision of the Commission" within sixty days but not after. Leg.Hist. 1102, 1112. The Conference Committee rejected the House language and adopted the Senate version practically *verbatim,* stating that "The Senate bill, but not the House amendment, permitted un[appealed] orders of the Commission to be entered as orders of the Court of Appeals," Leg.Hist. 1167, 1192 —a rejection which appears wholly unnecessary if it believed petitions for summary enforcement no different than enforcement petitions of the NLRB.

The procedure we have adopted as outlined above will enable this court to effect the statutory intent of prompt abatement of safety hazards by disposing of § 660(b)

petitions with reasonable dispatch, where an employer has failed to comply with OSHA orders which have become final and not subject to review under the terms of the statute. If the panel determines that the OSHA decision is final and not subject to review and, therefore, further briefing or oral argument is not required, the Clerk may be instructed to sign and enter an order of summary enforcement. If an answer to the petition is filed raising issues that are substantial or which have not been decided previously by the court, the Secretary may be directed by the court to make a substantive response. If the finality of the OSHA orders is disputed and the panel cannot resolve to its satisfaction on the basis of the record the issue of the propriety of summary enforcement, further briefing and oral argument, where found to be necessary, may be directed. This procedure will enable the court to consider contested petitions for summary enforcement in the detail required by particular cases, where OSHA orders are subject to review; yet grant summary enforcement with reasonable promptness in uncontested cases or where OSHA orders are found to have become final and not subject to review.

### 3) The Statutory Provisions

Before considering the other constitutional issues, it is necessary to summarize briefly the provisions of the statute.

The Occupational Health and Safety Act of 1970 was enacted with the ambitious purpose "to provide for the general welfare [and] to assure as far as possible to every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources." 29 U.S.C. § 651(b). The act is applicable to businesses affecting interstate commerce. 29 U.S.C. § 651(b)(3). Pursuant to § 657, inspections are made by the Secretary of Labor to detect violations of the act and the applicable administrative regulations. Upon discovery of such a violation, a citation may be issued under § 658, which may contain monetary abatement penalties as authorized by § 666. The employer then has fifteen

working days from the receipt of notice to challenge the citation or proposed assessment of a penalty. Otherwise the orders become final and unreviewable by any court or agency. § 659(a).

If the Secretary has reason to believe that an employer has failed to correct a violation for which a citation has been issued, within the period permitted for its correction, the Secretary is required to notify the employer by certified mail of such failure and of the penalty proposed to be assessed under § 666. The employer has fifteen working days within which to contest the Secretary's notification or the proposed assessment of penalty. If the employer fails to give such notification within fifteen working days, the notification and assessment is deemed to be a final order of the Commission and "not subject to review by any court or agency." § 659(b).

If the employer exercises his right to contest, the Commission affords an opportunity for a hearing under § 659(c). The hearing is conducted by an Administrative Law Judge, § 661(i), and may be reviewed by the Commission. Any person adversely affected or aggrieved by an order of the Commission may obtain a review in the Court of Appeals by filing a petition within sixty days following the issuance of the final order of the Commission. § 660(a).

The legislative history of the statute was summarized as follows in *Brennan v. OSHRC,* 487 F.2d 438, 439 (8th Cir. 1973):

The Act was adopted in 1970 and became effective on April 28, 1971. The bill as passed is a compromise between two competing bills that were submitted both to the House and to the Senate. One bill was administration-backed and the other was strongly supported by organized labor. Although the difference in the two bills primarily involved whether both rule-making and enforcement powers should be located in the same agency, it is clear that both sides favored a bill which would establish a comprehensive program that would substantially reduce the large number of job-related deaths, injuries

and health hazards which have existed. It is estimated that 4.1 million businesses and 57 million employees are affected.

The Act provides for the development of a "laundry-list" of violations. Companies are subject to periodic compliance inspections which are carried out at random either upon complaint or upon the inspector's own initiative. Advance notice of an inspection is prohibited, and violators of this provision are subject to criminal sanctions. Violations may be either of standards promulgated by the Secretary or of the "general duty" provision, a catch-all provision intended to supplement the standards formulated by the Secretary.

A violation is "serious" if there is a possibility of an accident and a substantial probability that death or serious physical injury would result. Under the Act, a penalty may be imposed of up to $1,000 for a non-serious violation. Upon receiving notice from the Secretary of the citations and proposed penalties, the employer has 15 days to contest either the citation or the proposed penalty or both by notifying the Secretary who transmits the information to the Commission. The Commission is an independent adjudicatory agency established under the Act, 29 U.S.C. § 661. The Commission is authorized to conduct hearings under § 659(c), which hearings are conducted under § 5 of the Administrative Procedure Act, 5 U.S.C. § 554. (Footnotes omitted.)

■ The record in the present case demonstrates conclusively that the respondent, Winters, failed to give notice to the Secretary that it wished to contest the citation and proposed notice of penalty, within fifteen working days from the receipt thereof. Notice to Winters of the citation and proposed assessment of penalty is documented on the record by certified mail receipts signed by Winters through a representative whose authority is not questioned. Therefore, under the provisions of the statute, the notification and assessment is deemed to be a final order of the Commission and "not subject to review by any court or agency." § 659(a) and (b).

Respondent contends that the record does not show substantial evidence of serious violations. This court will not pass on this issue, because we have determined in this case that the OSHA decision is final and not subject to review under the provisions of the statute.

### 4) The Due Process Question

The most serious constitutional question raised by respondent is that it has been denied due process of law by the OSHA order which became final and unreviewable on its merits by the Commission or by this court because notification of contest was not filed within fifteen working days from the time respondent received notice of the citation and proposed penalty.

We agree with the decision in *McLean Trucking Co. v. OSHRC*, 503 F.2d 8, 11 (4th Cir. 1974), in which the court said:

> McLean also contends that the Act denies it procedural due process by permitting the Secretary to issue citations with proposed penalties without giving employers an opportunity to be heard. It should be noted, however, that it is only where the employer fails to contest the citation that it becomes final and unreviewable. 29 U.S.C. § 659(a). If the employer contests the citation, the Commission is required to conduct a hearing and thereafter "issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty * * *." 29 U.S.C. § 659(c). "Such a procedure, so long as it affords to those affected a reasonable opportunity to be heard and present evidence, does not offend against due process." *Yakus v. United States*, 321 U.S. 414, 433, 64 S.Ct. 660, 671, 88 L.Ed. 834 (1944).

■ Under the provisions of the Act, respondent had an opportunity for a due process hearing before an Administrative Law

Judge and the Commission, and the right to judicial review before this court. It forfeited that right by failing to give notification to contest within fifteen working days. Although it may be argued with logic that the time period is too short, this is a matter for determination by Congress. *Yakus v. United States*, 321 U.S. 414, 433, 64 S.Ct. 660, 88 L.Ed. 834 (1944). The controlling fact is that respondent had a right to a due process hearing, which it failed to exercise. We find no deprivation of due process.

### 5) Stay Pending Review

█ Respondent further contends that the statute is unconstitutional because the OSHA sanctions would continue to run pending action on a petition to review. This contention is erroneous. The statute expressly provides that the Court of Appeals "shall have power to grant such temporary relief or restraining order as it deems just and proper." § 660(a). Stay orders by Courts of Appeals also are authorized by 28 U.S.C. § 2349 and Fed.R.App.P. 18. The regulations contain a provision for stay of a final order by the Commission.[2]

### 6) Other Constitutional Contentions

Respondent makes numerous other attacks upon the constitutionality of the Act, including the following:

█ (1) The penalties imposed by statute are criminal. Therefore, constitutional safeguards should have been provided, including: the Sixth Amendment right to counsel, the Fifth Amendment right against self-incrimination, and the Fourth Amendment right against unreasonable searches and seizures;

█ (2) The statute violates the equal protection clause of the Fourteenth Amendment in that the Secretary has access to enforcement powers of the Court of Appeals but respondent is denied judicial review unless timely contest has been made in the administrative proceedings;

█ (3) Congress has (a) exceeded its delegated powers under the Constitution and (b) invaded the powers reserved to the States under the Tenth Amendment;

█ (4) OSHA denies citizens the right to jury trial in civil cases as guaranteed by the Seventh Amendment; and

(5) The right to review is "chilled" in that there is no automatic stay of the abatement penalty period during review.

We agree with the decisions of other Circuits in rejecting these contentions. *See, Lake Butler Apparel Co. v. Secretary of Labor*, 519 F.2d 84 (5th Cir. 1975); *Sheehan Co. v. OSHRC*, 520 F.2d 1036 (5th Cir. 1975); *Bloomfield M. Cont. Inc. v. OSHRC*, 519 F.2d 1257 (3d Cir. 1975); *Irey v. OSHRC*, 519 F.2d 1200 (3d Cir. 1975); *Atlas Roofing Co. v. OSHRC*, 518 F.2d 990 (5th Cir. 1975); *Beall Const. Co. v. OSHRC*, 507 F.2d 1041 (8th Cir. 1974); *McLean Trucking Co. v. OSHRC*, 503 F.2d 8 (4th Cir. 1974); *American Smelting Co. v. OSHRC*, 501 F.2d 504 (8th Cir. 1974).

The petition for rehearing is denied. No costs are assessed. Each party will bear its own costs in this court.

---

**2.** § 2202.92 Stay of final order.

(a) Any party aggrieved by a final order of the Commission may, while the matter is within the jurisdiction of the Commission, file a motion for a stay.

(b) Such motion shall set forth the reasons a stay is sought and the length of the stay requested.

(c) The Commission may order such stay for the period requested or for such longer or shorter period as it deems appropriate.