**Frank T. FUHRMAN, Petitioner,**

v.

**James E. DOW, Acting Administrator, Federal Aviation Administration, and National Transportation Safety Board, Respondents.**

**No. 76–1084.**

United States Court of Appeals, Eighth Circuit.

Submitted July 29, 1976.

Decided Aug. 19, 1976.

---

Jeffrey A. Sar (on brief), and Steven A. Carter, Sioux City, Iowa, for petitioner.

Rex E. Lee, Asst. Atty. Gen., Leonard Schaitman and Mary Gallagher, Attys. (on brief), and Mark H. Gallant, App. Sec., Civ. Div., Dept. of Justice, Washington, D.C., for respondents.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

This is an appeal from an opinion and order of the National Transportation Safety Board (hereinafter NTSB) in which petitioner Fuhrman's airman certificate was suspended for 30 days. We affirm the order of the NTSB.

The facts of this case are not in dispute. Fuhrman is an operator of several funeral homes in northwest Iowa. On March 15, 1974, while having private pilot certification, Fuhrman flew to Minneapolis, Minnesota, in a small engine airplane on personal business. While in Minneapolis he received a phone call relaying a request[1] from another funeral home director, also located in northwest Iowa, to bring a human corpse back from Minneapolis. He did so and was paid for his expenses.

On August 21, 1974, the Federal Aviation Administration sent a notice to Fuhrman advising him that his actions were in violation of the Federal Aviation Regulations, 14 C.F.R. § 61.118[2] and § 135.9 (1974),[3] and section 610(a)(4) of the Federal Aviation Act of 1958, as amended, 49 U.S.C. § 1430(a)(4) (1970),[4] by operating as a pilot-in-command of an aircraft carrying property for compensation or hire without commercial pilot privileges or Air Taxi/Commercial Operator (ATCO) credentials.

On February 20, 1975, the Federal Aviation Administrator issued an order stating the above violations and suspending for 120 days the airman certificate of Fuhrman.

On May 7, 1975, pursuant to Fuhrman's appeal, a hearing was held on the above charges by an administrative law judge. The judge found that Fuhrman had committed the alleged violations but ruled that safety in air commerce or air transportation and the public interest did not require sanction.

The administrator appealed from the order reversing the 120-day suspension. Fuhrman cross-appealed from the decision confirming the finding of violation. On November 12, 1975, the NTSB held that the alleged violations had been established by a preponderance of the evidence and imposed on Fuhrman a 30-day suspension of his airman certificate.

---

1. Appellant conceded in his testimony before the administrative law judge that he initially received this request prior to his flight to Minneapolis but then made no commitment to perform the service.

2. The pertinent part of 14 C.F.R. § 61.118 provides:

   [A] private pilot may not act as pilot in command of an aircraft that is carrying passengers or property for compensation or hire; nor may he, for compensation or hire, act as pilot in command of an aircraft.

3. The pertinent part of 14 C.F.R. § 135.9 provides:

   [N]o person may operate an aircraft in operations to which this part applies without, or in violation of, an ATCO operating certificate and appropriate operations specifications issued under this part * * *.

4. The pertinent part of 49 U.S.C. § 1430(a)(4) (1970) provides that it shall be unlawful:

   For any person to operate as an air carrier without an air carrier operating certificate, or in violation of the terms of any such certificate.

On this appeal Fuhrman does not seek a review of the findings of violations. The only question is whether the sanction imposed by the NTSB should be upheld.

■ This court has discussed the scope of judicial review concerning the imposition of sanctions by an administrative agency in *Brennan v. Occupational Safety & Health Review Comm'n,* 487 F.2d 438, 442 (8th Cir. 1973). There it was stated:

> The assessment of penalties is not a finding but the exercise of a discretionary grant of power. And while the court has jurisdiction to review and power to modify, the test of a penalty within the statutory range must be whether the Commission abused its discretion.

The Supreme Court has stated that the standard of review should conform to the "fundamental principle . . . that where Congress has entrusted an administrative agency with the responsibility of selecting the means of achieving the statutory policy 'the relation of remedy to policy is peculiarly a matter for administrative competence.' *American Power Co. v. SEC,* 329 U.S. 90, 112, [67 S.Ct. 133, 91 L.Ed. 103] (1946)." *Butz v. Glover Livestock Comm'n Co.,* 411 U.S. 182, 185, 93 S.Ct. 1455, 1458, 36 L.Ed.2d 142, *rehearing denied,* 412 U.S. 933, 93 S.Ct. 2746, 37 L.Ed.2d 162 (1973).

■ The NTSB has the power to suspend petitioner's airman certificate. 49 U.S.C. § 1429. Given petitioner's undisputed violations, we are unable to say from the record before us that the NTSB abused its discretion in imposing a 30-day suspension.

Affirmed.