**LAKE BUTLER APPAREL
COMPANY, Petitioner,**

v.

**SECRETARY OF LABOR, Respondent.**

No. 73–3518
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Allan P. Clark, Jacksonville, Fla., for petitioner.

Peter J. Brennan, Secretary of Labor, John H. Stender, Asst. Secretary of Labor, William J. Kilberger, Sol. of Labor, Morell Mullins, U. S. Dept. of Labor, William S. McLaughlin, Executive, Secretary, Occupational Safety & Health Review Comm., Stephen F. Eilperin, Dept. of Justice, Washington, D. C., Beverly R. Worrell, Reg. Sol., U. S. Dept. of Labor, Atlanta, Ga., Ronald R. Glancz, Dept. of Justice, Washington, D. C., for respondent.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Lake Butler Apparel Company (Lake Butler) petitions this Court to review the penalties assessed against it under the Occupational Safety and Health Act (OSHA),[1] asserting that this statute violates Article III and the Fourth, Fifth and Sixth Amendments to the Constitution. We have considered and rejected some of these arguments in *Atlas Roofing Company v. Occupational Safety and Health Review Commission*, 5 Cir., 1975, 518 F.2d 990, and today we reject as well the further challenges raised by Lake Butler. Since the petitioner could not reasonably contend that the findings of violations by the Occupational Safety Health Review Commission (OSHRECOM) were not supported by substantial evidence, we highlight here only the facts that affect our disposition of the constitutional arguments.

Briefly, Lake Butler is a clothing manufacturer employing over 100 sewing machine operators. On March 23, 1972 an OSHA compliance officer, while accompanied by the President of Lake Butler on a routine inspection through the plant, found several violations of the statute [2] including the failure to post the standard OSHA poster informing the employees of their safety rights under the Act.[3] After the company was cited,

---

1. 29 U.S.C.A. § 651 *et seq.*

2. Lake Butler was cited for: Violations of specific regulations promulgated by the Secretary pursuant to 29 U.S.C.A. §§ 657, 658 not for violations of the general duty section, 29 U.S.C.A. § 654(a)(1).

   1. Failure to ground six portable electric machines, thereby endangering barefoot employees. 29 CFR 1910.314. The Secretary's proposed penalty was $30.00.

   2. Failure to post OSHA notices. 29 CFR 1903.2(a). The Secretary's proposed penalty for this was $50.00. This cited violation gave rise to Lake Butler's argument that the notice requirement was contrary to the First Amendment rights of the employer.

   3. Failure to color-code fire extinguishers to indicate their location and purpose. 29 CFR 1910.144(a)(1)(e). No penalty was proposed for this violation.

3. Mr. Stephenson, the Lake Butler President, explained that the failure to post was intentional. The sign, he felt, was "detrimental to his business." When the compliance officer told him that such an omission was in violation of federal law, Stephenson said that this case "had not been tested before." In response the officer noted that Lake Butler might well be the test case.

it filed a timely notice of contest,[4] initiating the administrative hearing. This effectively stayed the abatement date for the duration of any review proceedings before OSHRECOM.[5] At the hearing the Administrative Law Judge (ALJ) upheld the cited violations. Thereafter at the further initiation of Lake Butler, OSHRECOM on its discretionary review affirmed the findings of the ALJ.[6] On September 26, 1973 Lake Butler moved to have the commission order stayed and OSHRECOM responded by staying the penalty portion of its order, leaving the abatement date requirements in effect.

## Atlas and Its Remnants

In *Atlas* we analyzed and rejected two of the Lake Butler arguments: (i) the due process issue—penalties that become final absent employer initiated review are in violation of due process, citing *Snidach v. Family Finance Corp.*, 1969, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349; and (ii) the Sixth Amendment argument—civil penalties under OSHA are essentially criminal in nature invoking the protections of the Sixth Amendment. There remains to be considered Lake Butler's arguments that (iii) the OSHA provisions for nonabatement penalties have the effect of "chilling" the employer's right to seek review; (iv) the Fourth Amendment is violated by the OSHA provisions allowing warrantless administrative searches without probable cause; (v) the authority vested in the Secretary of Labor to assess penalties usurps the powers of the Judiciary under Article III.

## The OSHA Chill

Although we noted the importance of this argument in *Atlas*, we concluded there that the petitioner lacked standing to raise the point because the abatement date was stayed by the Commission and no nonabatement penalties were therefore possible. Unlike Atlas Roofing Company, Lake Butler has not received such a plenary stay. Instead, OSHRECOM ordered only the penalties assessed be stayed.[7] According to Lake Butler, such a selective stay leaves the company vulnerable to a later determination by OSHRECOM that the review proceeding was not initiated in "good faith" after which the abatement period could be considered to have retroactively commenced on the date originally specified in the citation.[8] Thus, if such a determi-

---

**4.** 29 U.S.C.A. § 659(c).

(c) If an employer notifies the Secretary that he intends to contest a citation issued under section 9(a) [29 U.S.C.A. § 658(a)] or notification issued under subsection (a) or (b) of this section, or if, within fifteen working days of the issuance of a citation under section 9(a) [29 U.S.C.A. § 658(a)], any employee or representative of employees files a notice with the Secretary alleging that the period of time fixed in the citation for the abatement of the violation is unreasonable, the Secretary shall immediately advise the Commission of such notification, and the Commission shall afford an opportunity for a hearing (in accordance with section 554 of Title 5, United States Code but without regard to subsection (a)(3) of such section). The Commission shall thereafter issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief, and such order shall become final thirty days after its issuance. Upon a showing by an employer of a good faith effort to comply with the abatement requirements of a citation, and that abatement has not been completed because of factors beyond his rea-

sonable control, the Secretary, after an opportunity for a hearing as provided in this subsection, shall issue an order affirming or modifying the abatement requirements in such citation. The rules of procedure prescribed by the Commission shall provide affected employees or representatives of affected employees an opportunity to participate as parties to hearings under this subsection. (Dec. 29, 1970, P.L. 91–596, § 10, 84 Stat. 1602.)

**5.** 29 U.S.C.A. § 659(b).

**6.** The ALJ found that the Secretary's proposed penalty for the failure to post the notice (see footnote 2, no. 2) was fully justified. But the penalty proposed for failure to ground the machines was vacated because this penalty was in the ALJ's words of "low gravity."

However, on review by OSHRECOM, the $30.00 proposed penalty was reinstated, bringing Lake Butler's total penalties to $80.00 once again.

**7.** See OSHRECOM order of November 1, 1973 (Appendix p. 116).

**8.** In fact Lake Butler has corrected all of the cited violations except the posting violation.

nation were made, Lake Butler might be assessed a nonabatement per day penalty running retroactively from the original abatement deadline.[9] Although no Court has yet so held, Lake Butler argues that such a possible penalty operates to "chill" the exercise of the employer's right to seek review proceedings. *Lance Roofing Company v. Hodgson*, N.D.Ga., 1972, 343 F.Supp. 685, 689–90, aff'd, 409 U.S. 1070, 93 S.Ct. 679, 34 L.Ed.2d 659.

However, in order to challenge these specific provisions, Lake Butler must present this Court with a realistic case or controversy. *U.S. Const. art. III § 2.* We do not judge the hypothetical. *DeFunis v. Odegaard*, 1974, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164; *General Electric Co. v. Electrical Workers (IUE) Local 191*, 5 Cir. 1971, 443 F.2d 608, 610. To put those statutory provisions at issue[10] Petitioner must show a demonstrable threat of future citations by the Secretary and that an employer would reasonably be dissuaded from invoking the elaborate review procedures of the Act by the possibility of cumulative fines. By our consideration at length of this case the Secretary could not possibly conclude this to be a bad faith appeal.

The record contains no indication that the Secretary would intend to exercise these nonabatement sanctions. In any event, the possibility does not exist until after our affirmation of this case. If then the Secretary sought to invoke these retroactive penalties, they would— as we read the statute—be subject to the same administrative proceedings as might any original violation. 29 U.S. C.A. § 666(d). However, if there is any question that these employers would have a right of review in the Court of Appeals, over such nonabatement penalties it certainly is a sanction as to which the APA 5 U.S.C.A. § 704 affords judicial review. We would not hold the provisions unconstitutional "in advance of its immediate adverse effect in the context of a concrete case."[11]

*The Fourth Amendment Issue*

Lake Butler contends that OSHA authorizes warrantless inspections by its compliance officers in violation of the Fourth Amendment.[12] Citing *Camara v. Municipal Court*, 1967, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930; and *See v. Seattle*, 1967, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943, Lake Butler would have this Court void the administrative hear-

---

9. 29 U.S.C.A. § 659(b) and *Id.* § 666(d).

  (b) If the Secretary has reason to believe that an employer has failed to correct a violation for which a citation has been issued within the period permitted for its correction (which period shall not begin to run until the entry of a final order by the Commission in the case of any review proceedings under this section initiated by the employer in good faith and not solely for delay or avoidance of penalties), the Secretary shall notify the employer by certified mail of such failure and of the penalty proposed to be assessed under section 666 of this title by reason of such failure, and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the Secretary's notification or the proposed assessment of penalty. If, within fifteen working days from the receipt of notification issued by the Secretary, the employer fails to notify the Secretary that he intends to contest the notification or proposed assessment of penalty, the notification and assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

  (d) Any employer who fails to correct a violation for which a citation has been issued under section 658(a) of this title within the period permitted for its correction (which period shall not begin to run until the date of the final order of the Commission in the case of any review proceeding under section 659 of this title initiated by the employer in good faith and not solely for delay or avoidance of penalties), may be assessed a civil penalty of not more than $1,000 for each day during which such failure or violation continues.

10. *Cf. Ellis v. Dyson*, 1975, 43 USLW 4615, 421 U.S. 426, 95 S.Ct. 1691, 44 L.Ed.2d 214; *O'Shea v. Littleton*, 1974, 414 U.S. 488, 493–99, 94 S.Ct. 669, 38 L.Ed.2d 674; *Byers v. Byers*, 5 Cir., 1959, 254 F.2d 205.

11. *International Longshoremen's and Warehousemen's Union v. Boyd*, 1954, 347 U.S. 222, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650.

12. 29 U.S.C.A. § 657(a); 29 CFR 1903.3, 1903.-7(a).

ing because the violations were discovered pursuant to an illegal search. In response, the government argues that business enterprises subject to OSHA inspections should fall under the "implied consent" exception to the Fourth Amendment.[13] *United States v. Biswell*, 1972, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87. In the past this exception has been limited to businesses the government has had "historically broad authority" to regulate, *e. g.*, the liquor industry, *Colonade Catering Corp. v. United States*, 1970, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60; *Boyd v. United States*, 1886, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, and any attempt to expand the concept must be cautiously analyzed.

■ But here we need not reach the issue because, looking at the total circumstances of the search, we find that it was purely consensual. In fact, Lake Butler has never contended that the compliance officer did not have the fullest permission of Mr. Stephenson, the President of Lake Butler. *Schneckloth v. Bustamonte*, 1973, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *United States v. Garcia*, 5 Cir., 1974, 496 F.2d 670; *United States v. Carollo*, 5 Cir., 1975, 507 F.2d 50, *petition for rehearing en banc denied*, 510 F.2d 1407. The OSHA officer, on a routine inspection of plants in the Lake Butler area, presented himself to Stephenson who then accompanied him through the plant.[14] The violations that were discovered during that walking tour—ungrounded machines, lack of color coating on the fire extinguishers, etc.—were in plain, obvious view. There was no search here of drawers or other sequestered areas. For that reason Lake Butler may not rely on the *Camara/See* precedent. In each of those instances appellants sought to avoid criminal punishment for the assertion of their Fourth Amendment rights. Lake Butler cannot obtain a ruling on constitutionality when it did not assert its rights at the time of the inspection.

## Tidying Up

■ Lake Butler argues that the provision of OSHA that permits the Commission to assess civil penalties for violation of the Act, 29 U.S.C.A. § 666, usurps the powers of the judiciary under Article III by making the compliance officer "investigator, legislator, factfinder, prosecutor and judge." 29 CFR §§ 1903.7 and 1903.14. This argument is closely akin to an argument raised by the appellant in *Atlas*—that the absence of a jury in OSHA proceedings makes it violative of the Seventh Amendment. We reject the argument now for similar reasons.

■ It has long been recognized that it is well within the powers of Congress to entrust the enforcement of statutory rights to an administrative process and limit the participation of the Courts by the substantial evidence standard. *NLRB v. Jones & Laughlin Steel Corp.*,

---

**13.** In addition, in order to justify the search, the government cites without explanation *Warden v. Hayden*, 1967, 387 U.S. 294, 299, 87 S.Ct. 1642, 18 L.Ed.2d 782 and *Camara v. Municipal Court*, 1967, 387 U.S. 523, 533, 87 S.Ct. 1727, 1733, 18 L.Ed.2d 930. These cases are apparently cited for the proposition that warrantless searches should be allowed whenever "the burden of obtaining a warrant is likely to frustrate the governmental purpose behind the search" and might "gravely endanger . . . the lives of others." *See v. Seattle, supra*, 387 U.S. at 545, 87 S.Ct. 1737.

**14.** This is not a case such as *Bumper v. North Carolina*, 1968, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, in which consent was given after the sheriff's officers asserted that they had a search warrant. There the Supreme Court held that a search justified solely by consent given after the official asserts a valid warrant is not a lawful search because "there can be no consent under such circumstances." *Bumper v. North Carolina, supra* at 548, 88 S.Ct. at 1791. Here the OSHA compliance officer presented himself at the plant in the same manner as might any other government official and the President had the same right of refusal.

In fact, the problem is as a practical matter probably eliminated because by regulation the Secretary of Labor has determined that inspectors who are refused entry must seek search warrants. OSHA Compliance Operations Manual, p. V–VI through V–VIII (January 1972).

1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893. Most recently, the Supreme Court reiterated this in *Curtis v. Loether,* 1974, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260. The administrative proceedings under OSHA present no unusual features that would cause us to deviate from this rule.

### The First Amendment And The Posted Sign [15]

■ Lastly, Lake Butler argues that the OSHA requirement that the information sign be posted at its clothing factory violates its First Amendment rights to freedom of speech. 29 CFR § 1903.-2(a). However, Lake Butler does not cite us to any cases on the issue and we are hard put to find any. The argument is seemingly nonsensical for, if the government has a right to promulgate these regulations, it seems obvious that they have a right to statutorily require that they be posted in a place that would be obvious to the intended beneficiaries of the statute—Lake Butler's employees. The posting of the notice does not by any stretch of the imagination reflect one way or the other on the views of the employer. It merely states what the law requires. The employer may differ with the wisdom of the law and this requirement even to the point as done here, of challenging its validity. He may as we once said "take his views to a McGahey marked grave." *NLRB v. McGahey,* 5 Cir., 1956, 233 F.2d 406, 409. But the First Amendment which gives him the full right to contest validity to the bitter end cannot justify his refusal to post a notice Congress thought to be essential.

Affirmed.