STEPHENSON ENTERPRISES, INC., Petitioner,

v.

Ray MARSHALL, Secretary of Labor, and the Occupational Safety and Health Review Commission, Respondents.

No. 76–4163.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1978.

Daniel R. Coffman, Jr., Jacksonville, Fla., for petitioner.

Carin A. Clauss, Sol. of Labor, U. S. Dept. of Labor, Ray H. Darling, Jr., Executive Secretary, OSHRC, Benjamin W. Mintz, Associate Sol., Washington, D. C., Michael H. Levin, William G. Staton, Attys., Allen H. Feldman, Asst. Counsel, Dept. of Labor, Washington, D. C., for respondents.

Before BROWN, Chief Judge, THORN-BERRY and CLARK, Circuit Judges.

CHARLES CLARK, Circuit Judge:

Stephenson Enterprises, Inc. [Stephenson] petitions to review a Decision and Order of the Occupational Safety and Health Review Commission [OSHRC] citing it for eight violations of safety standards promulgated pursuant to the Occupational Safety and Health Act of 1970 [OSHA], 29 U.S. C.A. § 651 *et seq.* Stephenson challenges the citations against it on these grounds: (1) the Secretary of Labor [the Secretary] failed to issue the citations with the "reasonable promptness" required by OSHA; (2) the Secretary obtained the evidence to support the citations through a search in violation of the fourth amendment of the Constitution; (3) the Secretary refused to provide the company with the name of an employee with whom the OSHA Compliance Officer [inspector] spoke during the course of his walk-through investigation of the Stephenson plant, and (4) the inspector made insufficient observations to support the issuance of a citation. We affirm.

Stephenson manufactures men's and boys' slacks at its plant in Folkston, Georgia. On November 20, 1973, an OSHA inspector presented his credentials to the plant manager and requested to inspect the premises. The manager complied with the request and accompanied the inspector on a walk-through tour of the facility. During the inspection, the inspector spoke with two Stephenson employees, whom he picked at random. Two weeks later, on December 4, 1973, the Secretary cited Stephenson for fourteen non-serious violations of OSHA safety standards, ordered Stephenson to abate the violations, and assessed the company $105 in penalties.

Stephenson contested the citations. During the first hearing before an administrative law judge, the Secretary relied entirely upon the testimony of the OSHA inspector who had examined the plant. Stephenson presented neither witnesses nor other evidence, but chose to rely upon its contention that the Secretary had failed to present a prima facie case to support the citations and that the Secretary had issued the citations in violation of the Act and of the fourth amendment of the Constitution. At this hearing, Stephenson sought to obtain copies of the notes made by the OSHA inspector who examined the plant. When the administrative law judge directed the disclosure of the contents of these notes to Stephenson, the Secretary refused on the grounds that the notes contained the names of the employees interviewed during the inspection protected by the "informer's privilege." The administrative law judge certified this issue on interlocutory appeal to the Commission, which directed that the Secretary supply Stephenson with copies of the notes, but upheld his refusal to disclose the names of the employees interviewed.

At the second hearing before the administrative law judge, begun after the Com-

mission's decision, Stephenson first raised the defense that the Secretary had issued the citations in violation of the Act because he failed to issue them with the "reasonable promptness" required by Section 9(a) of OSHA, 29 U.S.C.A. § 658. Stephenson also moved to strike the testimony of the OSHA inspector who examined the plant facilities on the grounds that he inspected the plant in violation of the fourth amendment of the Constitution. At the conclusion of this hearing, the administrative law judge vacated the citations for all thirteen charged violations on the grounds that the Secretary had failed to present a prima facie case.

■ The Secretary appealed the administrative law judge's decision to the Commission for discretionary review. And the Commission agreed to review nine of the thirteen violations originally charged. The Commission reversed the administrative law judge's decision on eight of these violations, affirmed as to one, and ordered the abatement of the eight violations but found that only a $35 fine was warranted. Stephenson moved for a stay pending review. The Commission stayed the $35 fine but refused to stay the abatement order. This circuit also denied Stephenson's motion to stay the abatement order pending review.

We first consider Stephenson's contention that the Secretary issued the contested citations in violation of the Act for failure to give timely notice after the inspection. The Secretary did not issue the citations to Stephenson until two weeks after the inspection. Section 9(a) of the Act provides that if the Secretary or his authorized representative believes that an employer has violated a provision of the Act or of a standard, rule, or order promulgated pursuant to the Act, "he shall with reasonable promptness issue a citation to the employer." 29 U.S.C.A. § 658(a). Under the circumstances of this case, however, we need not consider whether to accept Stephenson's argument, based on legislative history of the Act, which purports to show that Congress, in adopting the words "reasonable promptness," intended that citations should issue within seventy-two hours after inspection.

In *Brennan v. OSHRC,* 487 F.2d 230, 236 (5th Cir. 1973), we cited with approval a line of OSHRC decisions which "have recognized that at least a finding of prejudice to the employer must precede dismissal of a proposed penalty for violation of a procedural rule." Similarly, in *Accu-Namics, Inc. v. OSHRC,* 515 F.2d 828 (5th Cir. 1975), *cert. denied sub nom. Accu-Namics, Inc. v. Usery,* 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976), we upheld citations despite the failure of the OSHA inspector to follow provisions of the Act and regulations requiring that he identify himself to the job superintendent and accord him walk-around privileges before inspecting a job site open to the public. We held that "these violations [by the inspector] cannot operate to exclude evidence obtained in that inspection when there is no showing that the employer was prejudiced in any way." 515 F.2d at 833 & n. 7, *citing Brennan v. OSHRC, supra,* 487 F.2d at 236; *cf. Atlantic Marine, Inc. v. OSHRC,* 524 F.2d 476 (5th Cir. 1975). We declined to dismiss the penalty based upon a non-prejudicial procedural violation in part because "[t]he manifest purpose of the Act, to assure save and healthful working conditions, militates against such a result." 515 F.2d at 833 (citations omitted). Therefore, because Stephenson has shown no prejudice from the alleged failure to issue the citations earlier and because the record gives us no grounds to presume prejudice, we need not consider whether the Secretary's conduct in issuing the citations two weeks after the OSHA inspection of the plant accorded with Section 9(a)'s requirement that citations be issued with "reasonable promptness."

■ Stephenson also contends that we must vacate the citations issued against it because the OSHA inspector gleaned the information upon which the citations rested in a search conducted in violation of the fourth amendment to the Constitution. The Supreme Court recently has held that provisions of the Occupational Safety and Health Act of 1970 violate the fourth amendment to the extent that they purport to authorize warrantless inspections over

the refusal of an employer. *Marshall v. Barlow's, Inc.,* —— U.S. ——, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). In the case at bar, however, the record shows that the employer consented to the examination of plant facilities by the OSHA inspector; therefore, *Barlow's, Inc.* does not affect the validity of the inspection.

In *Barlow's, Inc.,* the employer refused admission to the OSHA inspector when he presented his credentials; in the case at bar, the general manager of the plant agreed to the inspection and accompanied the OSHA inspector on his walk-through tour. In *Barlow's, Inc.,* the Supreme Court stated that "[t]he critical fact in this case is that entry over Mr. Barlow's objection is being sought by a Government agent." —— U.S. at ——, 98 S.Ct. at 1821, 56 L.Ed.2d at 313 (footnote omitted). Thus, the Supreme Court distinguished Mr. Barlow from "the great majority of businessmen [who] can be expected in normal course to consent to inspection without warrant." —— U.S. ——, 98 S.Ct. at 1822, 56 L.Ed.2d at 314. Therefore, we determine that *Barlow's, Inc.* does not disturb our prior decision in *Lake Butler Apparel Co. v. Secretary of Labor,* 519 F.2d 84, 88 (5th Cir. 1975), in which we declined to consider a fourth amendment challenge to an OSHA inspection because the challenged inspection had been made with the consent of the employer. In determining whether the employer consented, we looked to the totality of the circumstances:

> The OSHA officer [inspector], on a routine inspection of plants in the Lake Butler area, presented himself to Stephenson [unrelated] who then accompanied him through the plant. The violations that were discovered during that walking tour

. . . were in plain, obvious view. There was no search here of drawers or other sequestered areas. . . . Lake Butler cannot obtain a ruling on constitutionality when it did not assert its rights at the time of the inspection.

519 F.2d at 88 (footnote omitted).[1] Similarly, in the case at bar, the OSHA inspector presented himself to Stephenson's plant manager who accompanied him on the inspection tour. The violations for which the Secretary cited Stephenson were of a sort that the inspector easily could have observed during a walk-through tour, and it does not appear that the inspector delved into areas of the plant that the manager had not consented for him to examine.[2] Stephenson in its brief does not answer the Secretary's argument that the inspection took place pursuant to consent under *Lake Butler.* Aside from Stephenson's assertion at oral argument that the plant manager might have been "bedazzled" by the OSHA inspector's credentials, nothing in the case suggests that Stephenson did not consent to the inspection of the plant facility.

Aware of the factual weakness of its argument directed at the unconstitutionality of the search, Stephenson contends that the unconstitutionality of the warrantless inspection provisions of OSHA invalidate the entire procedure for the issuance of citations. The intervening decision in *Barlow's, Inc.* renders this complaint without merit because the Supreme Court carefully limited its decision to the requirement for a warrant to make an inspection over the objection of an employer. *Barlow's, Inc.* does not demand that we refuse to enforce citations growing out of an inspection made with the consent of the employer. Accordingly, we find no fourth amendment bar to

1. We distinguished our decision in *Lake Butler* from cases excluding the product of searches in which law enforcement officers have asserted the existence of a valid warrant where none existed and thereafter have sought to justify the search solely on the basis of consent. In *Lake Butler,* as in the case at bar, the OSHA inspector presented himself at the plant in the same manner as might any other government official and the employer had the same right of refusal. 519 F.2d at 88 n. 14.

2. We interpret the phrase "plain, obvious view" in *Lake Butler* as indicating that the OSHA inspector did not exceed the bounds of the consent given by the employer when he agreed to a walk-through tour, and not as a reference to the plain view exception to the warrant requirement.

the enforcement of the citations issued to Stephenson.

■ We next consider Stephenson's contention that the failure of the Secretary to disclose the names of the two employees with whom the OSHA inspector spoke during this tour of the plant rendered the Commission's Decision and Order unsupported by substantial evidence. Following the OSHRC decision on interlocutory appeal from the first hearing before the administrative law judge, the Secretary gave Stephenson copies of the notes made by the OSHA inspector on his examination of the plant but omitted the names of the two employees that the inspector interviewed. These employees were not persons with whom the OSHA inspector had spoken prior to the inspection but were employees selected at random because the plant did not have an employees' organization with whom the inspector could speak. The Secretary disclosed the name of one of the employees upon discovering that the employee held a supervisory position. Stephenson maintains that without the name of the unidentified employee, it could not adequately challenge the evidentiary basis for the citations and could not determine whether the OSHA inspector had actually made the observations that purportedly backed up the citations or whether he relied only upon the statements given to him by the employee.

The Secretary maintains that an "informer's privilege" protects the name of the employee interviewed by the OSHA inspector from disclosure. We dealt with this privilege in an analogous context in *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303 (5th Cir. 1972), where the Secretary had filed suit against an employer for alleged violations of the Fair Labor Standards Act. As a defense to the action, the employer asserted that the Secretary had failed to provide a list of the names of employees interviewed during an investigation made prior to initiating suit. The district court dismissed the suit when the Secretary refused to produce names. We employed a balancing test in determining that the Secretary's refusal was proper:

> the interests to be balanced here are [1] the public's interest in efficient enforcement of the Act, [2] the informer's right to be protected against possible retaliation, and [3] the defendant's need to prepare for trial.

459 F.2d at 305.[3]

Employing the balancing analysis from *Charles Martin Inspectors* to the case at bar, we determine that the Secretary properly refused to produce the name of the employee interviewed. First, being familiar with the equipment and the premises, employees have knowledge that could expedite the inspection and aid in enforcement of the Act in the public interest. Information supplied by employees could explain away apparent violations or call the inspector's attention to efforts by an employer to conceal an unsafe condition during an inspection. Second, the employee's right of protection against possible retaliation is particularly strong in this case. The employee did not seek out the OSHA inspector; rather, the inspector chose him at random. The employee's interest in being protected from retaliation is particularly significant in light of the third factor, the effect that failure to disclose could have had on Stephenson's preparations of its defense. OSHA turned over to Stephenson the entirety of the inspector's report forms, which included not only his narrative but every page of his compliance worksheet and the rough draft of the specifications of violation. Nothing in the forms indicates that the inspector gained information from the single unnamed employee which formed the basis of any charge of violation. Stephen-

---

**3.** Stephenson asserts that the informer's privilege protects only persons voluntarily coming forward with information, and not persons picked at random and interviewed by law enforcement agents. *Charles Martin Inspectors,* however, drew no such distinction and applied the same analysis to persons voluntarily coming forward as it applied to persons interviewed during the course of an investigation. Although particular circumstances under which persons provide information may affect where the balance shall be struck, they do not affect the applicability of the balancing analysis of *Charles Martin Inspectors.*

son possessed adequate information to enable it to mount a challenge to the factual basis of every citation. However, even after receiving the report, Stephenson chose not to present any factual evidence, but rather rested solely on the insufficiency of the Secretary's prima facie case. Stephenson now argues that if it interviewed the employee, it might be able to show that the OSHA inspector had relied only on the employee's representations in developing the factual basis for the citations and had failed to make the necessary observation himself. Because none of the citations refers to any second-hand information, this possible relevance is far too speculative to require risking the possible harm from disclosure. The inspector could easily have made the observations necessary to form a factual basis for every citation issued against Stephenson on a walk-through tour of the plant, so that little motive could have existed for not making the observations himself. Further, Stephenson should already have sufficient information to know whether the inspector improperly relied upon others because Stephenson's own plant manager accompanied the inspector on his tour. Stephenson points to nothing in the record to support its suspicion that the OSHA inspector did not personally make the observations upon which the citations rested. Under these circumstances, the balance falls clearly in favor of protection of the employee's name from disclosure.

Finally, Stephenson contends that the Secretary has not presented a factual basis sufficient to support the issuance of citations for alleged violations of safety standards. The Secretary's case at hearing rested solely upon the testimony of the OSHA inspector, who detailed in the record the observations upon which he based his conclusion that the citations should issue. With respect to several of these citations, the inspector relied upon his own presumed expertise to estimate lengths, distances, weights, and composition of materials rather than making measurements and determinations with instruments and samples. Nevertheless, at the hearing before the administrative law judge, Stephenson elected to present no evidence contesting the accuracy of the findings. While this record indicates that in issuing these citations the Secretary proceeded with something less than the attentive caution and careful precision with which employers are expected to comply with safety standards, we do not find the determinations unsupported by substantial evidence.

Accordingly, the Decision and Order of the OSHRC is

AFFIRMED.