**TURNER COMMUNICATIONS
CORPORATION, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION and
F. Ray Marshall, Secretary of Labor,
Respondents.**

**No. 79–2767
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1980.
Rehearing Denied March 21, 1980.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

Schreeder, Wheeler & Flint, David H. Flint, Atlanta, Ga., for petitioner.

Anthony J. Steinmeyer, App. Staff, Civil Div., Dept. of Justice, Lorelei Joy Borland, John A. Bryson, Attys., U. S. Dept. of Labor, Washington, D. C., for respondents.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Turner Communications Corporation has petitioned this Court to review a Decision and Order of the Occupational Safety and Health Review Commission. An administrative law judge found that Turner violated the standards set by 29 C.F.R. §§ 1926.-28(a), 1926.450(a)(1) and 1926.450(a)(5). Turner petitioned the Review Commission for discretionary review. The Commission denied the petition and adopted the decision of the administrative law judge as the final order of the Commission. 29 U.S.C. § 661(i). Turner's appeal to this Court followed. We affirm the decision of the Commission.

Turner Communications manages an outdoor advertising signs business in the Atlanta, Georgia metropolitan area. As a result of a number of Occupational Safety and Health Act of 1970 (OSHA) inspections and citations, Turner and OSHA entered into a settlement agreement in March, 1977. Turner agreed that its employees would be protected by guardrails or by safety belts and lanyards whenever they worked at heights over four feet. It also agreed to supply "appropriate methods for securing [employees] to the sign structures." The agreement provided that employees would be given access to sign structures by a portable extension ladder or by ladders that measured twenty feet or less. Turner agreed to provide ladders within ninety days and to abate all violations in accordance with the agreement.

On September 18, 1978, an OSHA compliance officer observed four Turner employees changing the face of a large roadway sign. He saw that two of the employees working on the catwalk on the face of the sign were wearing safety belts but had not connected their safety lanyards to any structure on the sign. The workers had disconnected their lanyards to move from one location to another. When the lanyards were disconnected, the workers had no fall protection, even though they were approximately forty feet from the ground. During his inspection, the compliance officer also observed the use of a ladder more than twenty feet in length. He saw that employees were using stringers [1] to climb the sign structure, rather than ladders.

As a result of this inspection, two citations were issued. They alleged that Turner had failed to comply with four OSHA standards: Turner was cited for willful violations of 29 C.F.R. § 1910.132(a) (failure to use protective equipment); 29 C.F.R. § 1926.450(a)(1) (failure to provide safe access to all elevations by means of ladders); and 29 C.F.R. § 1926.450(a)(5) (use of a ladder in excess of twenty feet in length). Turner was also alleged to be in serious violation of 29 C.F.R. § 1926.450(a)(5) (failure to provide a landing platform and requiring employees to step laterally more than twelve inches from a ladder). Penalties of $9,000, $9,000, $8,000 and $700 were proposed respectively.

Turner contested the citations and penalties pursuant to 29 U.S.C. § 659(c). At a hearing before the administrative law judge, the Secretary of Labor amended his complaint by withdrawing the citation for violation of 29 C.F.R. § 1910.132(a) and substituting an alleged violation of 29 C.F.R. § 1926.28(a).[2] Turner moved to dismiss the Secretary's complaint on the ground that the complaint did not comply with Review Commission Rule 33, 29 C.F.R. § 2200.33.[3] Turner contended that the complaint failed to set forth with particularity the considerations on which the periods for abatement and the proposed penalties were based. Turner also challenged the merits of the citations on several grounds. The

1. A stringer is the horizontal angle iron welded to the vertical supports to which the sign face panels are anchored. The distance between stringers is approximately three feet.

2. Section 1910.132(a) provides:
   (a) *Application.* Protective equipment, including personal protective equipment for eyes, face, head, and extremities, protective clothing, respiratory devices, and protective shields and barriers, shall be provided, used, and maintained in a sanitary and reliable condition wherever it is necessary by reason of hazards of processes or environment, chemical hazards, radiological hazards, or mechanical irritants encountered in a manner capable of causing injury or impairment in the function of any part of the body through absorption, inhalation or physical contact.

Section 1926.28(a) provides:
   (a) The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce the hazards to the employees.

3. 29 C.F.R. § 2200.33(a) provides in pertinent part:
   (a) The complaint shall set forth all alleged violations and proposed penalties which are contested, stating with particularity:
   *    *    *    *    *    *
   (iii) The considerations upon which the period for abatement and the proposed penalty on each such alleged violation is based.

**944**

administrative law judge rejected Turner's motion to dismiss. He affirmed the violations but reduced the "willful" violations to "serious and repeated," and reduced the penalties.

On appeal, Turner argues that there was not substantial evidence to support the Commission's findings that Turner had violated the four OSHA standards.[4] It is also argued that the Commission incorrectly denied Turner's motion to dismiss the complaint.

■ The question before this Court is whether the facts found by the Commission are supported by substantial evidence. 29 U.S.C. § 660(a); *AccuNamics v. OSHRC and Secretary*, 515 F.2d 828, 834–35 (5th Cir. 1975), *cert. denied*, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976). The administrative law judge found Turner to be in serious violation of 29 C.F.R. § 1926.28(a) for failure to require its employees to wear and use their safety belts while working at high elevations. The record in this case substantially supports that finding. The compliance officer testified that he observed men working on the sign without tying off their safety belt lanyards. This action was known by the lead crewman, who had responsibility for assuring compliance with the company's policy that employees should tie off when working at heights above four feet.

■ Turner argues that there was no evidence to support this violation because its employees were wearing their safety belts at the time of the inspection, even if they were not using them by tying off. It attempts to distinguish between the requirements of Section 1910.132(a), the violation withdrawn in the amended complaint, and Section 1926.28(a), the substituted violation. Because Section 1910.132(a) requires that personal protective equipment be "used" while Section 1926.28(a) only requires that such equipment be "worn," Turner contends it did not violate the latter regulation. This argument is without merit.

Section 1910.132(a) sets forth the general requirements for personal protective equipment that are applicable to industry generally. Section 1926.28(a) sets forth these requirements for the construction industry. By amending its complaint, the Secretary merely narrowed the activity of Turner to fall within the construction industry. Both regulations require the use of personal protective equipment, such as safety belts, when necessary to protect against hazards such as falling. This Court has recognized that merely wearing safety equipment, but not using it, does not comply with the standard that is designed to protect against fall hazards. *See Marshall v. Southwestern Inc. Contractors & Riggers*, 576 F.2d 42, 45 (5th Cir. 1978) [where safety belts were not " 'used' in any meaningful sense . . . the employees were afforded no protection from a dangerous fall"; interpreting 29 C.F.R. § 1926.105(a)]. *See also Otis Elevator Co. v. OSHRC and Marshall*, 581 F.2d 1056, 1058 (2d Cir. 1978) [holding that to argue that there was no violation because safety belts are "worn at all times" and are "normally tied off" emasculates the regulation; interpreting 29 C.F.R. § 1926.28(a)].

The evidence also demonstrates that Turner's employees used a ladder in excess of twenty feet. Turner contends that the violation of this rule under Section 1926.450(a)(1) was *de minimis* and that it had no knowledge that this particular ladder exceeded twenty feet. Therefore, it argues, the Commission erred in affirming a "serious" violation.

■ Turner had been previously cited for such a violation and entered into a settlement agreement in which it agreed to reduce the length of its ladders. Because of its awareness from the earlier citation, Turner knew, or should have known, of the violation. The administrative law judge found that a fall from a twenty-three-foot ladder could cause serious injury. Thus, the

4. After the citation was issued, the outdoor advertising structure was dismantled and re- moved, so abatement is not an issue in this case.

statutory definition of *de minimis*—where a violation has "no direct or immediate relationship to safety or health"—is inapplicable. 29 U.S.C. § 658(a). The employer's good faith effort to comply with the Act was taken into account by the administrative law judge in reducing the penalty to $250. 29 U.S.C. § 666(i). *See Lee Way Motor Freight v. Secretary*, 511 F.2d 864, 869–70 (10th Cir. 1975).

■ Turner challenges another cited violation of Section 1926.450(a)(1). The evidence shows that Turner's employees climbed stringers at the back of the sign when the company failed to provide ladders. Turner does not dispute this finding. It is argued, however, that there was no evidence to support a finding that its workers failed to use a double set of lanyards while climbing the stringers. Turner misinterprets the citation that alleged that "ladder(s) were not used to give safe access to all elevations." Its contention is irrelevant because requiring employees to tie off safety lanyards is not a defense to this violation.

■ Turner's final argument regarding the sufficiency of the evidence concerns the violation of Section 1926.450(a)(5). That standard requires that landing platforms be installed on any high structure twelve inches from a ladder. There is no dispute that landing platforms were not provided at the ladders by which employees descended from the catwalk. Turner argues that there was no substantial evidence establishing the distance from the catwalk to the ladder because the compliance officer did not see any employee step from the catwalk to the ladder, nor did he measure the distance between the two. This Court has recognized that the Secretary may prove his case on the basis of testimony of an OSHA inspector's "presumed expertise to estimate lengths, distances, weights, and composition of materials rather than making measure-

ments and determinations with instruments and samples." *Stephenson Enterprises, Inc. v. Marshall*, 578 F.2d 1021, 1026 (5th Cir. 1978). Moreover, Turner's crew member testified that the compliance officer's estimate was reasonable and Turner presented no evidence to the contrary. *See Brennan v. OSHRC and Underhill Construction Co.*, 513 F.2d 1032, 1038–39 (2d Cir. 1975).

■ Turner also contends that the Secretary failed to comply with the requirements of Review Commission Rule 33, which requires that the considerations upon which the period for abatement and proposed penalties were based be set forth with particularity and for this reason the complaint should have been dismissed. We reject this contention for several reasons.

The administrative law judge specifically found that Turner was not prejudiced by the lack of detail in the complaint, noting that the company could have moved for discovery to obtain more particulars. Because Turner has demonstrated no prejudice in preparing its defense, the administrative law judge properly denied Turner's motion to dismiss.[5] Moreover, the complaint gave Turner fair notice of the considerations underlying the abatement dates and proposed penalties. More detailed information was made available during the closing conference, at an informal prehearing conference, and during the hearing itself. Furthermore, Turner had received citations in the past and was on notice of the considerations for the determinations of penalties set forth in the Act, 29 U.S.C. § 666(i).

■ Turner's final contention is that the administrative law judge improperly excluded evidence that the company was being harassed by the Secretary's selective enforcement of the Act. It argues that such evidence goes to the reasonableness of the proposed penalties. This argument is without merit. The Secretary's enforce-

---

**5.** Turner's reliance on *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820 (3d Cir. 1978), is misplaced. In that case, the Secretary sought to amend the complaint to allege an alternative violation. The Court specifically found that Cornell's defense of the new violation was prejudiced by the amendment since relevant evidence became unavailable. That situation does not exist here.

ment actions are not relevant to the abatement dates or penalty assessments. *See* 29 U.S.C. § 658(a) (abatement dates must be reasonable); 29 U.S.C. § 666(i) (to assess penalties, Commission should give due consideration to the appropriateness of the penalty with respect to size of business, gravity of violation, good faith of employer, and history of previous violations).

AFFIRMED.