786 F.2d 1165
 12 O.S.H. Cas.(BNA) 1848, 12 O.S.H. Cas.(BNA) 2172
Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J. L. FOTI CONSTRUCTION CO., INC., Petitioner,
v.
RAYMOND J. DONOVAN, SECRETARY OF LABOR, OCCUPATIONAL SAFETY
AND HEALTH REVIEW COMMISSION, Respondents.
 85-3013
 United States Court of Appeals, Sixth Circuit.
 2/25/86
 
 BEFORE: CONTIE and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal is before the court pursuant to section 11(a) of the Occupational Safety and Health Act of 1970 (the 'Act'), 29 U.S.C. Sec. 660(a), on petition of J. L. Foti Construction Company to review an order of the Occupational Safety and Health Review Commission (the 'Commission') issued on November 9, 1984.
 
 
 2
 Following an Occupational Safety and Health Administration ('OSHA') inspection, petitioner was cited for several serious and nonserious violations of 29 U.S.C. Sec. 654(a)(2). Petitioner contested all the violations and additionally argued that OSHA's inspector did not obtain the necessary consent to conduct a warrantless inspection. After conducting an evidentiary hearing, the Administrative Law Judge ('ALJ') found that OSHA had obtained proper consent for the inspection but vacated two of the alleged serious violations on substantive grounds. Petitioner timely petitioned the Commission for discretionary review. When no Commissioner directed review within thirty days, the decision became the final order of the Commission. 29 U.S.C. Sec. 661(j). For the reasons that follow, we affirm in part and reverse in part.
 
 I.
 
 3
 In the fall of 1983, petitioner was engaged in masonry work at the multi-employer construction site of a waste treatment plant in willoughby, Ohio. On the afternoon of September 29, 1983, OSHA Inspector Eugene Heard visited the work site in response to an anonymous telephone complaint that unsafe scaffolding was being used at a construction site across from the Lost Nation Airport in Willoughby, Ohio. When Heard arrived at the site, he identified himself and the purpose of his visit to Mr. Defauw, superintendent for the general contractor, Walbridge Aldinger. Heard was provided with a list of the subcontractors on the site and proceeded to conduct an inspection accompanied by Defauw. During his walk around the site, Heard met Robert Hill, petitioner's bricklayer foreman. Heard explained the purpose of his visit and offered Hill the opportunity to accompany him on the inspection. Heard was unable to complete his inspection on September 29, and returned on October 4, 1983. He again reported to the general contractor before going on the site.
 
 
 4
 As a result of the second inspection, OSHA issued two citations to petitioner charging several serious and nonserious violations of the Act. The citations alleged that petitioner had committed serious violations of 29 C.F.R. Sec. 1926.451(a)(2) by using concrete blocks to support a scaffold and 29 C.F.R. 1926.300(b)(2) by failing to guard moving parts of a machine used to lift brick. The citations further alleged that petitioner had committed serious violations of 29 C.F.R. Sec. 1926.451(d)(10) by improperly installing midrails on the scaffold and by failing to install a guardrail at the southern end of the scaffold. Petitioner was also cited for a nonserious violation of 29 C.F.R. Sec. 1903.2(a)(1) for failing to post a required notice.
 
 
 5
 The ALJ concluded that the OSHA inspection of petitioner's activities on the work site was made pursuant to petitioner's consent. The ALJ found that petitioner's failure to object to the inspection, at least, constituted 'implied consent' to the inspection. The ALJ also found that the general contractor had authority over the inspected premises and that the general contractor's consent constituted valid consent to the inspection.
 
 
 6
 The ALJ concluded that use of concrete blocks to support a scaffold is a per se violation, and, finding that the violation was serious, set a $180 penalty. The ALJ also found that the midrail on petitioner's scaffold was not properly aligned, and, finding that the violation was serious, set a $50 penalty. However, the ALJ found that the absence of a guardrail at the and of the scaffold did not constitute a violation since the rail had been removed in order to erect another tier of the scaffold. The ALJ further found that the Secretary had established a violation of the poster requirement by a preponderance of the evidence but set no penalty for the violation. Finally, the ALJ vacated the alleged violation of 29 C.F.R. Sec. 1926.300(b)(2) on substantive grounds.
 
 
 7
 On appeal petitioner argues that OSHA's inspection of its work activities was conducted without valid consent and that the resulting evidence should therefore be suppressed under the exclusionary rule. Petitioner also argues that the findings of safety violations by the ALJ are contrary to law and the weight of the evidence.
 
 II.
 
 8
 The Act authorizes two types of inspections: an inspection pursuant to a general administrative plan, 29 U.S.C. Sec. 657(a), and an inspection pursuant to a complaint, 29 U.S.C. Sec. 657(f). Although no search warrant or other process is explicitly required under the Act, a search warrant or its equivalent is 'constitutionally necessary' for nonconsensual OSHA inspections. See Marshall v. Barlow's, Inc., 436 U.S. 307 (1978); Donovan v. A. A. Beiro Construction Co., Inc., 746 F.2d 894, 898 (D.C. Cir. 1984); Donovan v. Federal Clearing Die Casting Co., 655 F.2d 793, 796 (7th Cir. 1981). Since OSHA conducted a warrantless inspection of petitioner's work area, the issue before us is whether OSHA had obtained valid consent to conduct an inspection.
 
 
 9
 In determining whether petitioner consented, we must look to the totality of the circumstances. See Kropp Forge Co. v. Secretary of Labor, 657 F.2d 119, 121 (7th Cir. 1981); Stephenson Enterprises, Inc. v. Marshall, 578 F.2d 1021, 1024 (5th Cir. 1978); Marshall v. Western Waterproofing Co., Inc., 560 F.2d 947, 950-51 (8th Cir. 1977); Lake Butler Appearel Co. v. Secretary of Labor, 519 F.2d 84, 88 (5th Cir. 1975). In Kropp the court held that a warrantless OSHA inspection did not violate the petitioner's Fourth Amendment rights where the petitioner's representatives were present at all times during the inspections and failed to raise any objections to the inspections. 657 F.2d at 122. Similarly, in Stephenson, the court found that petitioner consented to a warranteless OSHA inspection where the OSHA inspector presented himself to the petitioner's plant manager who then accompanied him on the inspection. 578 F.2d at 1024.
 
 
 10
 In the instant case, the OSHA inspector, on September 29, 1983, presented his credentials to petitioner's foreman, Robert Hill, explained the purpose of his visit, and offered him an opportunity to accompany him on the inspection. The OSHA inspector testified that on October 4, 1983, Hill accompanied him for a brief period during the inspection. At no time during the two days that OSHA inspected petitioner's premises did Hill, or any other Foti employee, voice any objection to the inspection. Under the 'totality of the circumstances,' petitioner's consent to the inspection may be inferred from the conduct of its employees.
 
 
 11
 In addition to petitioner's consent to the inspection, OSHA also obtained the consent of the general contractor on the construction site. In United States v. Matlock, 415 U.S. 164, 171 (1974), the Court held that proof of consent is not limited to proof that consent was given by the victim but may be established by showing that 'permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.' In the instant case, the OSHA inspector, upon his arrival at the site on September 29, 1983, presented his credentials to Mr. Defauw, job superintendent for the general contractor, and explained the purpose of the inspection. Defauw voiced no objection to the search and assisted the inspection. When the OSHA inspector returned to the work site on October 4, 1983, he again reported to the job superintendent for the general contractor prior to conducting the inspection. Under these circumstances, it is clear that the OSHA inspection was conducted pursuant to the valid consent of the general contractor.
 
 
 12
 Petitioner argues that OSHA has a right to conduct a warrantless search based on a complaint of imminent danger, such that any failure to object to the warrantless inspection of September 29, 1983, did not justify the inspector's return on October 4, 1983. This argument is flawed for two reasons. First, OSHA has the same obligation to obtain a warrant where imminent danger exists as it does in the case of a routine inspection. See West Point-Pepperell, Inc. v. Donovan, 689 F.2d 950, 957 (5th Cir. 1982); Marshall v. Horn Seed Co., Inc., 647 F.2d 96, 99 (10th Cir. 1981). Second, the OSHA inspector reported his arrival to the job superintendent for the general contractor on September 29, 1983, and on October 4, 1983. Moreover, petitioner was aware of the inspector's return on October 4, 1983, but failed to object on that date as well as on September 29, 1983. Thus, both inspections were conducted pursuant to valid consent.
 
 III.
 
 13
 Petitioner argues that the evidence presented in this case was insufficient to establish, by a preponderance of the evidence, that petitioner committed the safety violations found by the ALJ. Our review of the ALJ's findings of fact is limited to a determination of whether the findings are 'supported by substantial evidence on the record as a whole.' 29 U.S.C. Sec. 660(a). See also Duriro & Co. v. Secretary of Labor, 750 F.2d 28, 30 (6th Cir. 1984); National Realty and Construction Co., Inc. v. OSHRC, 489 F.2d 1257, 1263 n.24 (D.C. 1973). The Commission's view on the preponderance of the evidence is final. National Realty, 489 F.2d at 1263 n.24. Given these standards of review, we proceed to the merits of each safety violation.
 
 A. Midrail Violation
 
 14
 Petitioner was cited for a serious violation of 29 C.F.R. Sec. 1926.451(d)(10)[1] for failing to properly install a midrail on the scaffold. The ALJ found that a photograph of the scaffold clearly shows that the midrail was not placed midway between the top rail and the floor in that one end of the midrail 'was only one four-inch board width below the quardrail.' The only testimony regarding the placement of the midrail came from Hill, petitioner's foreman, who admitted that the guardrail should be installed at forty-two inches and the midrail at twenty-one inches from the floor of the scaffold but stated that 'we don't always hit through an ant's eyelash for 22 and 21.'
 
 
 15
 The ALJ vacated an additional item charging a violation of the standard due to the absence of a guardrail at the southern end of the scaffold. The ALJ found that the evidence supported petitioner's argument that its 'employees were in the process of dismantling the guardrail at the time of the inspection' in order to erect another tier of scaffold. Petitioner argues that the ALJ's determination that it violated section 1926.451(d)(10) by its placement of the midrail is inconsistent with his earlier finding that the guardrail requirement was suspended since petitioner was in the process of dismantling the guardrail. However, petitioner offered no evidence to show that the midrail had been properly installed but was out of alignment because it was being disassembled. Moreover, as the testimony of Hill suggests that the midrail was improperly installed, the ALJ's finding is supported by substantial evidence.
 
 
 16
 The ALJ also found that the violation was serious since '[t]he evidence conclusively shows that Foti knew of the conditions,' and the violation exposed employees on the scaffold to a fall of approximately twenty feet, which 'would certainly be expected to result in death or serious physical harm.' A violation is serious if there is 'a substantial probability that death or serious physical harm could result from a condition . . . unless the employer did not, and could not, with the exercise of reasonable diligence, know of the present of the violation.' 29 U.S.C. Sec. 666.
 
 
 17
 Petitioner urges that the midrail violation should not be considered a serious violation because it had reasonable grounds to believe that a midrail was not required during disassembly. However, petitioner offered no evidence to show that the disassembly affected the placement of the midrail. The testimony of Hill shows that petitioner was aware of the midrail requirement and suggests that the midrail was improperly installed. Thus, the ALJ's finding of a serious violation is supported by substantial evidence.
 
 B. Notice
 
 18
 Petitioner was cited for a violation of 29 C.F.R. Sec. 1903.2(a)(1)[2] for failing to post a notice required to be posted at each establishment in a conspicuous place informing employees of their rights and obligations under the Act. In support of this conclusion, the ALJ relied on the inspector's testimony that he stuck his head inside petitioner's trailer at the site on September 29, 1983, and on October 4, 1983, and did not see an OSHA notice. The inspector conceded that he did not enter the trailer. Petitioner argues that the inspector made only a cursory inspection to determine whether notice was posted and that it was physically impossible for the inspector to determine that the notice was not posted since he did not enter the trailer. However, petitioner offered no evidence that the notice was, in fact, posted or that the inspector could not see the poster from his vantage point at the door of the trailer. The ALJ's finding is supported by substantial evidence.
 
 C. Scaffold Design
 
 19
 Petitioner was cited for a serious violation of 29 C.F.R. Sec. 1926.451(a)(2)[3] in that unstable objects, namely concrete blocks, were used to support a scaffold. The inspector testified that in his opinion the scaffold was unstable. Petitioner offered contradictory testimony that the method of support was stable and safe. The ALJ found it unnecessary to weigh the differences of opinion, however, finding that the use of concrete block is expressly prohibited by the regulation. Both the Secretary and petitioner argue that mere use of concrete block to support a scaffold does not establish a violation unless the block is used in an unstable manner. The Secretary's position is set out at OSHA Instruction STD 3-10.4 (January 31, 1978) which provides that '[c]oncrete block is not always an unstable object when used as a base for scaffolding. Circumstances and techniques under which it is used must be considered to determine its stability.' The Secretary's interpretation of its own regulations must be deferred to if that interpretation is a reasonable one. See Concrete Construction Company, Inc. v. OSHRC, 598 F.2d 1031, 1033 (6th Cir. 1979); Brennan v. Southern Contractors Service, 492 F.2d 498, 501 (5th Cir. 1974). The Secretary's interpretation is not unreasonable, and, therefore, we remand for a factual finding on the issue of the stability of the scaffold's support.
 
 IV.
 
 20
 Petitioner's remaining arguments are without merit. Petitioner contends that the ALJ's assessment of a $50 penalty for the midrail violation was excessive and unreasonable. The award is far less than the $1,000 maximum allowable under the Act, 29 U.S.C. Sec. 666(b), and was not unreasonable in light of the risk of injury to petitioner's employees. Petitioner also argues that the ALJ abused his discretion in refusing to hold open the record for submission of evidence obtained from OSHA under the Freedom of Information Act. The ALJ, while denying petitioner's request to hold open the record, recognized petitioner's right to file a subsequent motion to reopen. Petitioner presented no additional evidence to the district court and has failed to demonstrate to this court the relevancy of the information requested from OSHA.
 
 V.
 
 21
 For the reasons stated above, the Commission is AFFIRMED in part and REVERSED in part, and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 29 C.F.R. Sec. 1926.451(d)(10) provides in relevant part:
 Guard rails made of lumber, not less than 2 X 4 inches (or other material providing equivalent protection), and approximately 42 inches high, with a midrail of 1 X 6 inch lumber (or other material providing equivalent protection), and toeboards, shall be installed at all open sides and ends on all scaffolds more than 10 feet above the ground or floor.
 
 
 [2]
 29 C.F.R. Sec. 1903.2(a)(1) provides in relevant part:
 Each employer shall post and keep posted a notice or notices, to be furnished by the Occupational Safety & Health Administration, U. S. Department of Labor, informing employees of the protections and obligations provided for in the Act, and that for assistance and information, including copies of the Act and of specific safety and health standards, employees should contact the employer or the nearest office of the Department of Labor. Such notice or notices shall be posted by the employer in each establishment in a conspicuous place or places where notices to employees are customarily posted.
 
 
 [3]
 29 C.F.R. Sec. 1926.451(a)(2) provides:
 The footing or anchorage for scaffolds shall be sound, rigid, and capable of carrying the maximum intended load without settling or displacement. Unstable objects such as barrels, boxes, loose brick, or concrete blocks shall not be used to support scaffolds or planks.